**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**  Plaintiff,  v.  **TOGI ENTERTAINMENT, INC.,**  Defendant. | **CIVIL ACTION NO.**  **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against TogiEntertainment, Inc. ("TogiEntertainment").

## PARTIES

2. Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 550 Fannin Street, Suite 500, Beaumont, TX 77701.

3. On information and belief, TogiEntertainment is a corporation with its principal place of business at 620 N. Main, Lindale, TX 75771. Plaintiff has been unable to ascertain through reasonable diligence the state of incorporation of TogiEntertainment.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, TogiEntertainment has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, TogiEntertainment is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7. Plaintiff is the owner of United States Patent No. 8,112,504 B2 ("the '504 patent") entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence." The '504 Patent issued on February 7, 2012. A true and correct copy of the '504 Patent is attached as Exhibit A.

8. The '504 patent is directed to an audio program and message distribution system in which a host system transmits information regarding episodes to client subscriber locations. Upon information and belief, Defendant TogiEntertainment has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, using an apparatus that infringes at least claim 31 of the '504 patent.

9. Defendant TogiEntertainment is thus liable for infringement of the '504 Patent pursuant to 35 U.S.C. § 271. TogiEntertainment provides a podcast of several different shows, including for example, the "Author Talk" podcast available on the website Toginet.com. Upon information and belief, TogiEntertainment uses servers, data storage and other Internet hardware and software in a manner that directly and literally infringes claim 31. In the alternative, because the manner of use by TogiEntertainment differs in no substantial way from language of claim 31, if TogiEntertainment is not found to literally infringe, TogiEntertainment infringes under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '504 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '504 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated: January 7, 2013

By: */s/ Papool S. Chaudhari*
Papool S. Chaudhari
Texas State Bar No. 24076978
**Reyes | Browne | Reilley**
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
Phone: (214) 526-7900
Fax: (214) 526-7910
papool@reyeslaw.com

OF COUNSEL (*pro hac vice* application forthcoming)
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**