UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| *Plaintiff,* | § | |
| v. | § | CASE NO. 2:13-CV-013-JRG |
| | § | |
| TOGI ENTERTAINMENT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

## DEFENDANT TOGI ENTERTAINMENT INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Togi Entertainment, Inc. ("Defendant") hereby sets forth its Answer, Affirmative Defenses and Counterclaims to the Complaint of Plaintiff Personal Audio, LLC ("Plaintiff") as follows:

1. Defendant admits that Plaintiff purports to state a cause of action for patent infringement, but denies that Plaintiff has any viable claim thereunder.

### PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and such allegations are therefore denied.

3. Defendant admits that it is a Texas corporation with its principal place of business at 620 N. Main, Lindale, Texas 75771. Otherwise denied.

### JURISDICTION AND VENUE

4. Defendant admits that Plaintiff purports to state a cause of action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiff has any viable claim thereunder. Defendant further admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.

5. Defendant admits that venue is proper in this District, and that Defendant has transacted business in this District. Otherwise denied.

6. Defendant admits that this Court has personal jurisdiction over Defendant. Otherwise denied.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7. Defendant admits that U.S. Patent No. 8,112,504 is entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence," that it issued on Feb. 7, 2012, and that a purported copy of the '504 Patent is attached to Plaintiff's Complaint as Exhibit A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and such allegations are therefore denied.

8. Defendant denies the allegations of Paragraph 8. Defendant states that the '504 Patent speaks for itself.

9. Defendant admits that it provides a podcast of several different shows. Defendant denies the remaining allegations of Paragraph 9.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, without waiver, limitation or prejudice, hereby asserts as its Affirmative and other Defenses to Plaintiff's Complaint as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff.

### Second Affirmative Defense

The claims of the '504 Patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

Defendant has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the '504 Patent.

### Fourth Affirmative Defense

By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '504 Patent, Plaintiff is estopped from claiming infringement by Defendant of one or more claims of the '504 Patent.

### Fifth Affirmative Defense

Plaintiff's claim of willful infringement is not pleaded with sufficient specificity or factual support to put Defendant on notice as to the claim being made and also therefore fails to state a claim on which relief can be granted.

### Sixth Affirmative Defense

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

Defendant reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Togi Entertainment, Inc. ("Defendant") hereby asserts as its Counterclaims to Plaintiff Personal Audio LLC's ("Plaintiff") Complaint as follows:

## NATURE AND BASIS OF ACTION

1. These Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that Defendant does not infringe any valid, enforceable claim of the '504 Patent, and that the '504 Patent is invalid.

## PARTIES, JURISDICTION, VENUE AND FACTUAL ALLEGATIONS

2. Defendant is a Texas corporation with its principal place of business at 620 N. Main, Lindale, Texas 75771.

3. According to Paragraph 2 of Plaintiff's Complaint, Plaintiff Personal Audio, LLC is a limited liability company with a principal place of business at 550 Fannin Street, Suite 500, Beaumont, Texas 77701.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

5. This Court has personal jurisdiction over Plaintiff by virtue of the fact that it has submitted to the jurisdiction of this Court by bringing the instant action. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

6. On January 7, 2013, Plaintiff filed suit in this Court against Defendant, alleging infringement of U.S. Patent No. 8,112,504.

## COUNT I

### Declaration of Non-Infringement of the '504 Patent

7. Defendant incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-6 of the Counterclaims above, inclusive.

8. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Defendant and Plaintiff with respect to Plaintiff's alleged infringement of the '504 Patent.

9. Defendant is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, literally or under the doctrine of equivalents, any valid, enforceable claim of the '504 Patent.

## COUNT II

### Declaration of Invalidity of the '504 Patent

10. Defendant incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-6 of the Counterclaims above, inclusive.

11. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Defendant and Plaintiff with respect to the validity of the '504 Patent.

12. Defendant is entitled to a judicial declaration and order that the '504 Patent is invalid.

## JURY DEMAND

Defendant/Counterclaimant Togi Entertainment, Inc. respectfully demands a jury for all claims, defenses, and counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered and defended, Defendant prays that:

(1) Plaintiff recover nothing by its Complaint;

(2) Plaintiff's Complaint be dismissed in its entirety with prejudice, and judgment be entered for Defendant and against Plaintiff on each and every count of the Complaint;

(3) The Court enter a declaratory judgment that the '504 Patent is invalid;

(4) The Court enter a declaratory judgment that Defendant has not and does not infringe, contributorily infringe, or induce infringement of the '504 Patent, and that Defendant does not infringe the '504 Patent under the doctrine of equivalents;

(5) The Court finds this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Defendant its reasonable attorneys' fees;

(6) All costs be taxed against Plaintiff; and

(7) Defendant be granted such other different and additional relief as this Court deems just and proper.

Dated: March 4, 2013                                             Respectfully submitted,

                                                                 /s/ Bill Frizzell
                                                                 BILL FRIZZELL
                                                                 FRIZZELL LAW FIRM
                                                                 6653 OAK HILL BLVD.
                                                                 TYLER, TEXAS 75703
                                                                 903-595-1921 PHONE
                                                                 903-595-4383 FAX

                                                                 ATTORNEY FOR DEFENDANT
                                                                 TOGI ENTERTAINMENT, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2013, all who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                      /s/ Bill Frizzell
                                                        Bill Frizzell