**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
|     **Plaintiff and Counter-Defendant,** | **CIVIL ACTION NO. 2:13-CV-00015-JRG-RSP** |
|     v. | **[CONSOLIDATED FOR PRETRIAL AS: NO. 2:13-CV-00013-JRG-RSP]** |
| **HOWSTUFFWORKS.COM,** | |
|     **Defendant and Counter-Plaintiff.** | |

**DEFENDANT HOWSTUFFWORKS'S REPLY IN SUPPORT OF ITS MOTION TO
TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

HowStuffWorks respectfully submits this Reply in Support of Its Motion to Transfer to the Northern District of Georgia, or in the alternative, to the Southern District of New York.

## I. INTRODUCTION

Personal Audio does not, and cannot, challenge the foundational fact that the Northern District of Georgia and the Southern District of New York are both substantially more convenient venues because HowStuffWorks's offices and potential witnesses are in those venues. Personal Audio's opposition only mentions HowStuffWorks *once*, and attempts to dismiss HowStuffWorks's entire motion with a single conclusory (and inaccurate) sentence: "there is no strong evidence that New York is particularly convenient, particularly since HSW argued for transfer to Northern Georgia." But, contrary to Personal Audio's mere lawyer's argument, the vast majority of the evidence in this case—including HowStuffWorks's personnel and records relevant to the accused products, *as well as Personal Audio's records*—are located in Atlanta or New York.

As such, based on the factors governing transfer motions as required by the Fifth and Federal Circuits, both proposed districts are more suitable and convenient, making transfer appropriate. And simply because two districts are more convenient than this District does not imply that the case should proceed in the current *inconvenient* forum.

Hoping to avoid this result and defeat transfer, Personal Audio is now attempting to create facts favorable to its position by moving documents into this District, creating a new office location, and adding a purported employee in this District. As described in additional detail below, not only are these *post hoc* actions improper and insufficient to avoid transfer, but Personal Audio's evidence of purported connections to this District are fraught with contradictions and inherently unreliable.

In sum, there is no strong connection between this case and this Court. Litigating in either Georgia or New York would be much more convenient, and thus, this action should be transferred.

## II. ARGUMENT

A. **Personal Audio's Presence in the Eastern District Is Insignificant and Supported by Unreliable Evidence**

Personal Audio puts forth evidence in its opposition to support its connection to the Eastern District of Texas, but many of its assertions are either based on recent acts designed to defeat transfer, or worse yet, on *future* acts Personal Audio intends to take to defeat transfer.  Because section 1404(a) prevents parties from "defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just," *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964), these "attempts to manipulate venue in anticipation of [] [this] motion to transfer fall[] squarely within these prohibited activities" and should be ignored, *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009).  This is true particularly in light of HowStuffWorks's strong showing of convenience counseling in favor of transfer.  *See Van Dusen*, 376 U.S. at 625.

For example, Personal Audio previously tried to assert its presence in Texas by stating that its documents and headquarters were at a Beaumont "office," which in truth turned out to be a rented mailbox.  *See* D.I. 37, at 3-4.  Perhaps recognizing that a rented mailbox does not constitute a sufficient tie to defeat transfer, Personal Audio now claims a "*new* principal place of business" at 550 Fannin Street, Suite 1313, Beaumont, Texas,[1] and swears that "three bankers boxes filled with invention notes and other hand written materials" at some undisclosed location "*will soon move*" to this "new" office, with electronic copies held in Houston.[2]  D.I. 39-1 [Declaration of Brad Liddle] at

---

[1] As of a few days ago, Personal Audio continues in press releases to list its "Corporate Office" as being at the rented mailbox center.  *See* Exhibit A to Second Declaration of Raymond LaMagna. Personal Audio's purported "new" principal place of business is also the same as the address for its prior litigation counsel, albeit at a different suite number.  D.I. 39-1 [Declaration of Brad Liddle] at ¶ 5; D.I. 37, at 3–4.

[2] These would not be the first apparently inconsistent litigation statements by Personal Audio. For example, in a recent press release, Personal Audio identified Richard Baker as its employee, specifically its Vice President of Licensing.  *See* Second LaMagna Decl. at Ex. A.  But, the *very*

¶¶ 6–7 (emphases added). However, none of Personal Audio's employees are stated to work at this new office, and no documents are *currently* located there; therefore, the recent rental of this office appears to be done for the purposes of defeating this motion, and should be ignored.[3] *See id*. at ¶¶ 3–5; *Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009) (reversing a denial of transfer where the connection to this District was largely based on counsel sending documents to Texas—"the assertion that these documents are 'Texas' documents is a fiction which appears to be have been [*sic*] created to manipulate the propriety of venue"); *Linear Tech. Corp. v. Analog Devices, Inc.*, No. C-94-3988, 1995 WL 225672, at *3 (N.D. Cal. Mar. 10, 1995) ("[T]o permit resolution of motions [to transfer] to be affected materially by where and how fast a lawyer moves documents would encourage inefficiency and sharp practices.").

Similarly, Personal Audio's belated effort to hire an employee who works in this District is insufficient to defeat the motion at hand. Two months ago, Personal Audio claimed it had only one employee, who was *outside* the Eastern District of Texas. *See*, *e.g.*, 2:13-cv-271, D.I. 12-2 [Declaration of Brad Liddle], at ¶ 3. Personal Audio now claims it has a new employee, Ms. Sullivan, allegedly in the Eastern District (although it has not disclosed *where* she works). Ms. Sullivan appears to be a recent hire with no prior connection to Personal Audio or this litigation, and Personal Audio makes no claim that Ms. Sullivan has any knowledge pertinent to this action, or would be a potential witness; her location is therefore irrelevant to this factor. *See*, *e.g.*, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008) (reviewing Volkswagen's "list of potential *witnesses*" in considering the third private interest factor, "cost of attendance for willing *witnesses*") (emphases added).

---

    *next day*, Personal Audio told the District of Massachusetts that Mr. Baker was only an "independent contractor," and neither an officer nor an employee. *See id*. at Ex. B, p. 6.

[3] As of August 1, 2013, Personal Audio stated these documents were in their counsel's office in New York, so even their possession of such documents could only be a recent occurrence. D.I. 37-3 at 9 [Personal Audio Disclosure per Local Rule 3-2].

Permitting these newfound and inconclusive links to this District to defeat HowStuffWorks's substantial and longstanding connections to both Atlanta and New York would be improper and would not serve the interests of justice. *Van Dusen*, 376 U.S. at 625.

**B.     This Action Has a Strong Connection to Both Atlanta and New York**

In its opposition, Personal Audio does not attempt to address the significant connections of *this* action to the Northern District of Georgia or to the Southern District of New York. Instead, Personal Audio focuses on *another* defendant's connection to the Eastern District of Texas, a consideration that is nowhere presented in the factors for transfer of venue.[4] But the facts presented by HowStuffWorks stand true: the local interest of the two target districts, and HowStuffWorks's connection to them, is overwhelming. *See* D.I. 37 [Motion to Transfer], at 4–5. It is undisputed that numerous potential witnesses from four relevant teams working on the accused products are located there. *None* of HowStuffWorks's relevant employees are located in Texas. Nor has Personal Audio made any arguments to the contrary.

The vast majority, if not all, of the potentially relevant documents also are located in Atlanta or New York. The Federal Circuit has stated that "[w]hen comparing relative ease of access to sources of proof afforded by two potential forums, the location of physical and documentary evidence is the predominant consideration, even when some evidence may be electronically stored and transferred." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). *None* of HowStuffWorks's relevant documents are in Texas. Therefore—because "the bulk of the relevant evidence usually comes from the accused infringer"—the location of HowStuffWorks's documents should govern. *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (cites and quotes omitted).

---

[4] Anything related to Togi Entertainment, Inc. ("Togi") could only be relevant to one prong, the judicial economy prong, which is discussed elsewhere; however, even then, the consideration is whether to keep the actions together, and there are far more defendants with contacts in the proposed venues. Moreover, Togi has consented to transfer to New York, which renders such an argument made against at least that venue irrelevant.

Moving forward in either New York or Atlanta would be significantly more convenient, particularly due to the fact that the majority of evidence and witnesses are located there. Personal Audio has not refuted any of these facts. Thus, HowStuffWorks's motion should be granted.

**C.  Judicial Efficiency Concerns Are Insufficient to Overcome the Strong Showing for Transfer and Are Moreover Obviated in the Southern District of New York**

Given that all the defendants have consented to transfer to New York, any "concern" over judicial economy is a non-issue. Regardless, as HowStuffWorks stated in its motion, considerations of judicial efficiency are just one part of the multi-factor inquiry in determining a motion to transfer, and cannot "override a compelling showing [for] transfer." *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011). In fact, while a court has discretion in resolving a transfer request, it may not "accord weight [to factors] simply as it pleases," and "deny transfer based solely on 'negligible' judicial efficiencies." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). Doing so "may be such a clear abuse of discretion as to warrant extraordinary relief." *Id*.

Thus, Personal Audio's sole argument of keeping the related actions in one venue simply ignores the Federal Circuit's repeated statements that judicial economy should *not* "dominate the transfer inquiry." *In re Morgan Stanley et al.*, 417 Fed. Appx. 947, 949 (Fed. Cir. 2011). Regardless, HowStuffWorks has offered an alternative that renders moot Personal Audio's purported concern for judicial economy. Transfer to the Southern District of New York—agreed to by all parties—would make litigation significantly more convenient for at least the three moving defendants, and would obviate any need for multiple parallel proceedings.

### III. CONCLUSION

Personal Audio's connection to Texas remains "both recent and ephemeral." *See In re Apple Inc. et al.*, 374 Fed. Appx. 997, 999 (Fed. Cir. 2010). Its untimely attempt to bolster its connection to this District is improper. And the obvious convenience and local interests strongly favor transfer. For these reasons, HowStuffWorks respectfully requests the Court grant its motion.

Dated: September 26, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ *Raymond LaMagna*_____
    Josh Krevitt, NY SBN 2568228
    jkrevitt@gibsondunn.com
    200 Park Avenue
    New York, NY  10166-0193
    Telephone: (212) 351-4000
    Facsimile:   (212) 351-4035

    Jason Lo, CA SBN 219030
    jlo@gibsondunn.com
    Raymond LaMagna, CA SBN 244821
    rlamagna@gibsondunn.com
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Telephone: (213) 229-7000
    Facsimile:   (213) 229-7520

ATTORNEYS FOR HOWSTUFFWORKS, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am employed in the Los Angeles, California. I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Ave, Los Angeles, CA 90071.

On September 26, 2013, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all known counsel of record who have consented to electronic service:

**DEFENDANT HOWSTUFFWORKS'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

**SECOND DECLARATION OF RAYMOND LAMAGNA AND EXHIBITS A-B**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on September 26, 2013, at Los Angeles, California.

                                                       /s/ Raymond LaMagna
                                                      Raymond LaMagna