**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00013-JRG-RSP |
| ) | |
| TOGI ENTERTAINMENT, INC., ) | <u>LEAD CASE</u> |
| ) | |
| *Defendant*. ) | |
| ) | |
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00270-JRG-RSP |
| ) | Jury Trial Demanded |
| CBS CORPORATION, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00271-JRG-RSP |
| ) | Jury Trial Demanded |
| NBCUNIVERSAL MEDIA, LLC, ) | |
| ) | |
| *Defendant*. ) | |

| | |
|---|---|
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00015-JRG-RSP |
| ) | Jury Trial Demanded |
| HOWSTUFFWORKS.COM, ) | |
| ) | |
| *Defendant*. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE PROTECTIVE ORDER

Defendants CBS Corporation, NBCUniversal Media, LLC, Togi Entertainment, Inc., and Howstuffworks.com (collectively "Defendants") oppose Plaintiff Personal Audio, LLC's ("Personal Audio") motion to amend the protective order.

The parties negotiated and agreed upon the Protective Order in this case, which the Court subsequently issued. (D.I. 33, 36). The Protective Order contains a prosecution bar that specifically prohibits Personal Audio's outside or in-house counsel who receives confidential documents labeled "Restricted – Outside Attorneys' Eyes Only" and/or "Restricted Confidential Source Code" from participating or assisting "with any reexamination or *inter partes* review proceeding relating to the patents-in-suit on behalf of a patent owner." *Id*. p. 7, ¶ 11. Personal Audio now moves this Court to modify the Protective Order so that persons with Defendants' confidential information may participate in an *inter partes* review ("IPR") of the patent-in-suit filed by the Electronic Frontier Foundation ("EFF").

Given the stipulated nature of the protective order, the foreseeability of the EFF's IPR challenge, the Defendants' reliance on the protective order, and Plaintiff's failure to show good

cause to modify the protective order, the prosecution bar, including the bar on any involvement in the IPR brought by the EFF, should remain in place.

## I. ARGUMENT

### A. Legal Standards

This Court has broad discretion in entering and modifying a protective order. *See Raytheon Co. v. Indigo Sys. Corp.*, No 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sep. 18, 2008). Where a protective order was entered for good cause, the moving party bears the "burden to establish good cause for modifying the order." *Id*. at *3.

This Court looks to four factors when a party wishes to modify a protective order and the protective order was entered "for reasons related to the private interests of the parties to the action." *Id*. (citing *Bayer AG v. Barr Lab.*, 162 F.R.D. 456, 460-62 (S.D.N.Y. 1995)). These four factors include: "1) the nature of the protective order, 2) the foreseeability, at the time of issuance of the order, of the modification requested, 3) the parties' reliance on the order; and most significantly 4) whether good cause exists for the modification." *Id*. (internal citations omitted); *see also Schafter v. State Farm & Fire Cas. Co.*, No. 06-8262, 2009 WL 650263, at *2 (E.D. La. Mar. 11, 2009); *Peoples v. Aldine Indep. Sch. Dist.*, No. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. Jun. 19, 2008).

Each of these four factors weighs against Personal Audio's motion to amend the Protective Order that was entered by this Court for good cause.

### B. The Stipulated Nature of The Protective Order Weights Against Modification

The nature of the protective order factor focuses on how broad the scope of the protective order is. Additionally, courts are reluctant to modify protective orders where the protective order

is agreed to by the parties, as opposed to one that is imposed by the Court. *See Rayethon*, 2008 WL 4371679 at *2; *see also Peoples*, 2008 WL 2571900, at *2.

Protective orders are generally ascribed one of three labels with respect to scope: "specific," "umbrella," or "blanket." *Rayethon*, 2008 WL 4371679 at *2. An order that allows parties to designate information that each side reasonably believes to be particularly sensitive, like that adopted in this case, is considered "blanket" in nature. Blanket protective orders are treated as only "moderately susceptible to modification." *Id*. Additionally, here the parties negotiated the terms of the Protective Order, and specifically agreed upon the scope of the prosecution bar therein. Accordingly, since Personal Audio agreed to the prosecution bar and the Protective Order is only moderately susceptible to modification, this factor weighs against modification.

    C. The Foreseeability of the *Inter Partes* Review Weights Against Modification Because Personal Audio Knew About the Electronic Frontier Foundation's *Inter Partes* Review Challenge Prior to Entry of the Protective Order

The foreseeability factor requires an inquiry into whether the "parties [could] have reasonably expected to anticipate the exigency which prompted the instant Motion." *Rayethon*, 2008 WL 4371679, at *2.

An IPR petition may be filed by a person other than the owner of a patent as early as nine months after the grant of a patent. *See* 35 U.S.C. § 311(c)(1). Since the patent-in-suit issued in February 2012, Personal Audio reasonably should have been on notice that its patent could become the subject of an IPR proceeding. Moreover, Personal Audio knew specifically about the EFF's intent to file an IPR as early as May 31, 2013, nearly *three months* prior to the parties agreeing to the stipulated Protective Order. *See* Maisel Decl. Ex. A. Personal Audio has offered

no explanation for why it failed to negotiate or challenge the prosecution bar of the stipulated Protective Order when it knew about the EFF's stated intent to file an IPR challenge.

Accordingly, the foreseeability factor weighs strongly against modification since Personal Audio knew that the EFF was planning to file an IPR at the time that it agreed to the prosecution bar.

### D. The Defendants Relied on the Stipulated Protective Order in Producing Sensitive Documents Relating to its Proprietary Systems

The reliance factor evaluates "the extent to which the party opposing the modification relied on the protective order in deciding the manner in which documents would be produced in discovery." *Rayethon*, 2008 WL 4371679 at *2. This Court has found that "[i]t is important that litigants can place their confidence in the integrity of protective orders so that sufficient information passes between the parties 'to secure the just, speedy, and inexpensive determination,' of lawsuits while protecting from excess dissemination which rightly should be." *Id.* at *2 (quoting Fed. R. Civ. P. 1).

As part of this Court's discovery order, the Defendants have already produced sensitive technical documents that relate to their proprietary computer and web based systems. In fact, the Defendants have labeled many of these documents "Confidential – Outside Attorneys' Eyes Only" in accordance with the Protective Order with the expectation that such documents will remain confidential. Thus, with discovery already initiated, and highly confidential documents already produced pursuant to its terms, this factor weighs against modification of the protective order.

### E. Personal Audio Has not Carried Its Burden to Show Good Cause for Modification of the Protective Order

Since the Protective Order was agreed to by the parties and was entered for good cause, it is the Plaintiff's burden to establish good cause for modifying the order. *See Raytheon Co. v. Indigo Sys. Corp.*, at *2. In this Court, "[t]he party attempting to establish good cause must demonstrate 'a clearly defined and serious injury to the party seeking closure.'" *Document Generation Corp. v. AllScripts, LLC*, 2009 WL 1766096, at *2 (E.D. Tex. Jun. 23, 2009) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). In doing so, the Court must balance the need for Plaintiff's modification with the need for Defendants' protection. *See Rayethon*, 2008 WL 4371679 at *3. The need for modification is generally tied to "changed circumstances or new situations warranting modification of a protective order." *Peoples*, 2008 WL 2571900, at *3.

Here, there has been no such changed circumstance warranting modification. The stipulated prosecution bar is in place to protect the Defendants against the possible detrimental effects of the same counsel having access to highly confidential information and being involved in the IPR process. Personal Audio will have an opportunity to narrow its claims during the IPR proceeding, and may attempt to amend its claims in such a matter to cover the Defendants' systems based on confidential information gleaned from this action. *See Shared Memory Graphics, LLC v. Apple, Inc.*, No C-10-2475 VRW, 2010 WL 4704420, at *3 (N.D. Cal. Nov. 12, 2010) Even inadvertent disclosure poses substantial risk in patent infringement cases when trial counsel also represents a client before the PTO.[1] Given the commercial sensitivity of the

---

[1] *See, e.g.*, *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1379–80 (Fed. Cir. 2010). As the Federal Circuit guides, "'[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.'" *Id.* at 1378 (quoting *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)). "[I]nvestigating prior art,"—the role Personal Audio proposes for its trial counsel—is "substantially engaged with

technical materials already produced and to be produced in this litigation, the prosecution bar, including the bar on any involvement in the IPR brought by the EFF, needs to remain in place.

The only harm Personal Audio alleges is the additional expense of time and resources to educate multiple counsel with respect to any overlapping prior art between this action and the IPR filed by the EFF.  But, Personal Audio is already represented by separate reexamination counsel before the PTO—it is not forced to engage additional counsel due to the Protective Order.  Nor does Personal Audio suggest that there is any past history of its current trial counsel assisting it in matters before the PTO.  Neither has Personal Audio indicated to what extent, if any, the prior art between the two proceedings overlaps nor which counsel it wishes to exclude from the prosecution bar.[2]  Additionally, there are no changed circumstances that justify modification of the protective order.  The EFF announced its intent to file an IPR proceeding months before the prosecution bar was negotiated, and it has now simply acted on that intent.

The two cases cited by Personal Audio, *Document Generation*, 2009 WL 1766096, and *Mirror Worlds, LLC v. Apple*, No. 6:08-cv-88, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009) (Davis, J.), are factually distinct from the situation here.  *Document Generation* involved a situation where the parties could not agree as to the scope of a prosecution bar in a proposed protective order, and submitted separate proposed orders.  2009 WL 1766096, at *1.  Additionally, *Mirror Worlds* concerned a situation where one of the parties to the litigation

---

prosecution." *Id*. at 1380.  As the Federal Circuit directs, "The risk of inadvertent disclosure of competitive information learned during litigation is therefore much greater for such attorneys.  Such attorneys would not likely be properly exempted from a patent prosecution bar." *Id*.

[2] *See In re Deutsche Bank*, 605 F.3d at 1381 (stating that a "party seeking an exception from a patent prosecution bar must show on a counsel-by-counsel basis (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.")

instituted the re-examination proceeding. 2009 WL 2461808 at *3. There, "the Court ha[d] serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defendant a patent in two separate venues with two teams of attorneys." *Id*.

Here, the Defendants are not parties to the IPR instituted by the EFF. In fact, several courts have held that litigation counsel's participation in the reexamination process – which falls within the scope of a protected order – should be limited to instances in which it is the *opposing party* who initiates reexamination. *See, e.g., Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475 VRW, 2010 WL 4704420, at *4 (N.D. Cal. Nov. 12, 2010); *Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp*, No. 08-307, 2009 WL 1035017, at *3 (W.D. Pa., Apr. 17, 2009) ("Should anyone other than Defendant seek reexamination of the [patent-in-suit], the justifications for allowing trial counsel to participate are substantially undermined.").

Since the Defendants agreed to the protective order to protect their confidential information, Personal Audio has not identified a changed circumstance that justifies modification of the protective order, and the EFF is not a party to the litigation, Personal Audio has not shown good cause for its modification to the protective order.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to amend the protective order.

Dated:  December 2, 2013

Respectfully submitted,

By: */s/ Steven Lieberman*
*(with permission by Jennifer P. Ainsworth)*
    Steven Lieberman
    slieberman@rfem.com
    Brian Rosenbloom
    brosenbloom@rfem.com
    Sharon Davis
    sdavis@rfem.com
    ROTHWELL, FIGG, ERNST & MANBECK, PC
    607 14th St., N.W., Ste. 800
    Washington, D.C.  20005
    (202) 783-6040 (telephone)
    (202) 783-6031 (facsimile)

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, PC
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5092 (telephone)
(703) 509-5092 (facsimile)

*Attorneys for Defendants*
*CBS Corporation and*
*NBCUniversal Media, LLC*

*/s/ Raymond LaMagna*
*(with permission by Jennifer P. Ainsworth)*
Raymond LaMagna
Jason Lo
GIBSON DUNN CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile:   (213) 229-7520

Josh Krevitt
GIBSON DUNN CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendant Howstuffworks.com*


*/s/ Bill Frizzell*
*(with permission by Jennifer P. Ainsworth)*
Bill Frizzell
FRIZZELL LAW FIRM
6653 Oak Hill Blvd
Tyler, TX 75703
903/595-1921
Fax: 9035954383
Email: bfrizzell@tyler.net

*Attorney for Defendant Togi Entertainment, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 2nd day of December, 2013.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth