IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § | |
| | § | |
| v. | § | Case No. 2:13-CV-13-JRG-RSP |
| | § | Lead Case |
| | § | |
| TOGI ENTERTAINMENT, INC. | § | |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

Before the Court is Plaintiff Personal Audio's Motion to Dismiss Defendant Togi Entertainment, Inc.'s ("Togi") affirmative defenses and counterclaims for failure to state a claim upon which relief can be granted (Dkt. 6, filed April 1, 2013, referred to herein as the "Motion").

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Personal Audio challenges Togi's affirmative defenses and counterclaims as being insufficient, and asks this Court to dismiss Togi's defenses and counterclaims under Rule 12 of the Federal Rules of Civil Procedure. Specifically, Personal Audio challenges Togi's third affirmative defense, which reads "Defendant has not directly or indirectly infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe any valid and enforceable claim of the '504 patent." Personal Audio also challenges Togi's fourth affirmative defense, which reads: "By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the

issuance of the '504 patent, Plaintiff is estopped from claiming infringement by Defendant of one or more claims of the '504 patent." Finally, Personal Audio challenges generally Togi's first, fifth, and sixth affirmative defenses, which in Personal Audio's own words "deal with supposed deficiencies in Plaintiff's case," and Togi's two counterclaims "for noninfringement and invalidity." (Mot. at 3.)

The Court finds no merit to Personal Audio's argument with regard to Togi's first, fifth, and sixth affirmative defenses and Togi's counterclaims, as Personal Audio is clearly on notice as to the substance of those contentions. (*See id*.) Adopting the standard Personal Audio suggests would lead to absurd results by implementing a double standard which imposes a heightened pleading requirement on only one side (Defendant) in a patent case. As an example, Personal Audio asks that the Court require Togi to spell out, at the time of filing its answer, in painstaking factual detail, its entire theory of noninfringement, before Personal Audio has set forth the substance of any theory of infringement. This would be unfair and unreasonable, and the Court finds it highly doubtful that such a result was the Supreme Court's goal when deciding the seminal cases regarding pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

With regard to Togi's third affirmative defense, the Court observes that a reasonable person would likely read it as setting forth a standard noninfringement affirmative defense. The Court makes no statement as to whether this type of "backstopping" is necessary, and further observes that Togi bears the responsibility for any potential vagueness or dual interpretation present in its answer. With that said, the Court is not convinced that Togi's third affirmative defense should be dismissed under Rule 12.

- 3 -

Togi's fourth affirmative defense clearly recites a prosecution history estoppel defense. Given that Personal Audio is on notice as to the substance of Togi's defense, Togi is not required to set forth its entire prosecution history estoppel argument in its answer, especially given the nature of the defense (which serves to bar a *plaintiff* from making an improper doctrine of equivalents argument).

Finally, the Court notes that it does not endorse Personal Audio's characterization of Defendant's argument: that a Defendant is permitted to provide a "general list of possible speculative defenses contained in a great many federal statutes." (Dkt. 8 at 2.) The pleading standards detailed above do not excuse a party from complying with the requirements of Federal Rule of Civil Procedure 11. Thus, a party is not simply permitted to throw every defense imaginable into an answer and 'see what sticks.' There is no evidence before the Court at this time that any party here has made a statement in a pleading that violates Rule 11. If newly developed facts lead a party to believe that they no longer have a good faith basis for a previously pled claim, counterclaim, or defense is reasonable, the party should promptly remove it from the case.

For the reasons set forth above, the Court recommends that Personal Audio's Motion to Dismiss Defendant Togi's affirmative defenses and counterclaims for failure to state a claim upon which relief can be granted (Dkt. 6) be **DENIED**.

- 4 -

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court.  Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 14th day of February, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE