IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>TOGI ENTERTAINMENT, INC. et al<br><br>   Defendants | Civil Action No. 2:13-cv-00013-JRG-RSP<br>LEAD CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION TO STAY PENDING THE OUTCOME OF *INTER PARTES* REVIEW**

    Defendants NBCUniversal Media, LLC, CBS Corporation, Fox Broadcasting Company, Fox Networks Group, Inc., Howstuffworks.com,[1] Togi Entertainment, Inc., Lotzi Digital, Inc., and A Partnership Consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and Does 1-10, Inclusive dba "Ace Broadcasting" and/or "Carolla Digital" (collectively "Defendants") respectfully submit this motion to stay these patent infringement actions pending resolution of the *inter partes* review of the validity of the patent-in-suit filed by third-party Electronic Frontier Foundation, Inc. ("EFF") before the Patent Trial and Appeals Board ("PTAB"). On April 18, 2014, the PTAB issued its Decision instituting *inter parties* review of each of the claims asserted by Personal Audio in these lawsuits. In particular, the PTAB found that "the present record shows a reasonable likelihood that Petitioner will prevail in

---

[1] "HowStuffWorks.com," the purported named defendant, is not a known corporate entity. HowStuffWorks, LLC has published a website at the URL www.HowStuffWorks.com and the undersigned, HowStuffWorks, LLC, joins this motion on that basis.

1

showing unpatentability of all the challenged claims." *See* Declaration of Jennifer Maisel ("Maisel Decl."), Exhibit ("Ex.") A at 2.

## I. INTRODUCTION

Defendants respectfully ask this Court to stay all further proceedings in the present litigations pending the conclusion of the PTAB's *inter partes* review of the validity of U.S. Patent No. 8,112,504 ("the '504 patent" or "patent-in-suit").

A stay is appropriate here because the PTAB's *inter partes* review of the '504 patent will likely narrow, if not completely eliminate, the issues pending before the Court. Additionally, Defendants agree to be bound by the PTAB's determination of validity on the grounds for which the *inter partes* review proceeding was instituted. *See* Maisel Decl., Ex. A at 26, ¶¶ (1) and (2).

Plaintiff Personal Audio, LLC ("Personal Audio") will not be unduly prejudiced by the stay because it is a non-practicing entity that may be adequately compensated by any monetary damages that may accrue during the stay. Defendants will not gain a tactical advantage because Defendants have filed this motion to stay mere days after institution of the IPR and the Defendants are not parties to EFF's IPR proceeding. Moreover, the timing of the litigations favors a stay because the discovery period is still open, and the Court has not yet issued a claim construction order.

## II. STATEMENT OF FACTS

Personal Audio filed lawsuits against each of the Defendants alleging infringement of the '504 patent on dates ranging between January 7, 2013 and August 6, 2013. These litigations have been consolidated for pretrial purposes. (D.I. 51).

Personal Audio has only asserted claims 31-35 of the '504 patent against each of the Defendants. The Court has not yet issued a claim construction order, and a *Markman* hearing is scheduled for April 24, 2014, pursuant to the common Docket Control Order. (D.I. 63). Discovery is not yet complete, the pretrial conference is set for August 19, 2014, and jury selection is set for September 8, 2014. (D.I. 63, 105).

On October 16, 2013, EFF[2] filed a Petition for *Inter Partes* Review ("IPR") in which it seeks to invalidate claims 31-35 of the '504 patent—the same claims that have been asserted in the litigations. On April 18, 2014, the PTAB instituted *inter partes* review of the '504 patent on the grounds that claims 31-35 are unpatentable under i) 35 U.S.C. § 102(a) as anticipated by Patrick/CBC[3] and ii) 35 U.S.C. § 103 as obvious over Compton/CNN[4]. *See Decision for Institution of Inter Partes Review*, Case No. IPR 2014-00070, at *26 (P.T.A.B. April 18, 2014).

In instituting the IPR, the PTAB found that "there is a reasonable likelihood that the [EFF] would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). The PTAB is likely to reach a final determination before April 18, 2015, as the statute requires that a final decision be rendered by not later than one year after instituting an IPR absent a showing of good cause. *See* 35 U.S.C. § 316(a)(11). Oral argument in the IPR is scheduled for December 17, 2014.

This motion to stay was filed within days of the institution of the IPR proceeding.

---

[2] The EFF is a third-party to the litigations, and is not affiliated with any of the Defendants.

[3] Charles L. Compton, Internet CNN NEWSROOM: The Design of a Digital Video News Magazine, Massachusetts Institute of Technology (Aug. 10, 1995).

[4] Andrew S. Patrick, et al., CBC Radio on the Internet: An Experiment in Convergence, 21 CANADIAN J. OF COMM'N 1, 125-140 (1996).

**III.     ARGUMENT**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Allergan, Inc. v. Sandoz Inc.*, No. 12-cv-207, 2013 WL 1222347, at *1 (E.D. Tex. Mar. 25, 2013) (Gilstrap, J.). In determining whether to grant a stay, this Court considers three factors: "(1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *Lennon Image Techs., LLC v. Lumondi Inc. d/b/a/ Luminox Watch Co.*, No. 13-cv-238, at *2 (E.D. Tex. Jan. 6, 2014) (Gilstrap, J.) (quoting *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006)).

All three factors weigh in favor of a stay. A stay will not prejudice Plaintiff since it is a non-practicing entity and does not compete with any of the Defendants. Moreover, Defendants did not file the IPR petition and are not participating in those proceedings. Thus, Defendants gain no tactical advantage from the IPR proceedings. The IPR may render these six actions entirely moot since each asserted claim of the '504 patent has been challenged in the proceeding. Additionally, the timing of the litigations weighs in favor of a stay because discovery is not yet complete (expert discovery has not yet begun), and this Court has not yet issued a claim construction order.

### A. A Stay Would Not Unduly Prejudice Personal Audio or Present a Clear Tactical Advantage to Defendants

In evaluating the potential prejudice a plaintiff may experience from a stay, courts consider whether a stay confers a tactical advantage to the moving party, the effect of the stay on the value of plaintiff's patents, and the effect of the delay on the availability of evidence. *See Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411, 2014 WL 486836, at *4 (E.D. Tex. Jan. 24, 2014); *Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011). Additionally, courts may factor in the timing of the IPR, the timing of the motion to stay, the status of the IPR proceedings, and the relationship of the parties. *Personalized User Model, L.L.P. v. Google, Inc.*, No. 09-525, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012).

#### 1. Defendants Gain No Tactical Advantage Through A Stay

A stay confers no tactical advantage on Defendants because none of the Defendants is a party to the IPR. *See Mission Abstract*, 2011 WL 5523315, at *3 (this case is not one "in which Defendants have inappropriately 'shopped' for another forum and are being given their choice of forum for no good reason"). Additionally, Defendants did not have any part in the EFF's decision to initiate the IPR. *See* Maisel Decl., Ex. B (EFF Website). The invalidity defenses that Defendants have will ultimately be litigated in the Plaintiff's chosen forum —if the patents survive *inter partes* review. Thus, Defendants gain no tactical advantage through a stay.

#### 2. Personal Audio Will Not Be Unduly Prejudiced by a Stay

Defendants filed this motion for a stay five days after the USPTO instituted the IPR. Defendants' prompt action eliminates the risk of surprise to Personal Audio, and helps Personal Audio avoid unnecessary expenditure of resources at this stage of these cases. *Cf. Personalized*

*User Model*, 2012 WL 5379106, at *2 (denying stay where movant filed reexamination one year after the reexamination was filed and two years after litigation commenced).

While this Court has recognized that patentees have an interest in the timely enforcement of their patent rights, this Court "also recognizes the reduced time-frame allotted by Congress" for IPR completion. *Landmark Tech.*, 2014 WL 486836, at *8. In fact, the IPR process is required to conclude in one year, and is only extendable by six months with a showing of good cause. 35 U.S.C. § 316(a)(11). Additionally, the IPR may have already placed a "cloud" over the patent's licensing value, and the "PTO [review] will proceed whether or not this case is stayed." *Mission Abstract Data*, 2011 WL 5523315, at *4.

The lack of direct competition between the parties also weighs against a finding of prejudice to Personal Audio. *See Microlinc, LLC v. Intel Corp.*, 2010 WL 3766655, at *2 (E.D. Tex. Sep. 10, 2010) ("Instead, since Microlinc does not manufacture or sell any products or otherwise practice the patent, there is no risk of customer losses or of injury to market share during a stay."); *Ever Win Int'l Corp. v. Radioshack Corp.*, No. 11-1104, 2012 WL 4801890, at *7 (D. Del. Oct. 9, 2012) (finding relationship of the parties "weighs in favor of a stay" where the facts "do not indicate that the parties are direct competitors"); *Mission Abstract*, 2011 WL 5523315, at *4 ("Because Mission Abstract is a non-practicing entity, this factor favors a stay"). Personal Audio is a non-practicing entity that does not sell products that practice the '504 patent, and its business is limited solely to monetizing its patents through licensing and litigation. Thus, Personal Audio can be adequately compensated by money damages for any harm suffered during the IPR proceeding. *See, e.g., Lederer v. Newmatic Sound Sys., Inc.*, No. 10-cv-271, 2011 WL 31189, at *3-4 (E.D.N.Y. Jan. 4, 2011) ("the prejudice Plaintiff suffers as a result of Defendant's

continued alleged infringement while the case is stayed can be cured by a damages award that compensates Plaintiff for this additional infringement should he ultimately prevail").

        3.      <u>The Risk of Lost Evidence is Limited</u>

Delay alone "does not warrant a finding that Plaintiff[] will be unduly prejudiced." *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Personal Audio waited nearly a year after the '504 patent issued to file infringement actions against the Defendants, and Personal Audio's own lack of urgency suggests that the risk of lost evidence may be limited at best. Furthermore, the risk of lost evidence is mitigated by the expedient nature of *inter partes* review, which is required by law to conclude within twelve months in most instances. 35 U.S.C. § 316(a)(11).

    **B.**    **A Stay Would Simplify the Patent Infringement Litigations**

A stay pending the outcome of the IPR would greatly simplify the consolidated litigations because the IPR of the '504 patent may lead to the cancellation or amendment of each of the asserted claims of the '504 patent. Courts have recognized that staying an infringement case pending review can simplify litigation in several ways:

> [1] if the patent is declared invalid, the suit will likely be dismissed, [2] the outcome of the [administrative review] may encourage a settlement without further involvement of the court, [3] the record of the [administrative review] would probably be entered at trial, reducing the complexity and the length of the litigation, [4] issues, defenses, and evidence will be more easily limited in pre-trial conferences and [5] the cost will likely be reduced for both the parties and the court.

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 491 (D. Del. 2013).

All of the asserted claims of the '504 patent are subject to the EFF's IPR proceeding. Thus, there is a significant potential that the result of the IPR can completely resolve these actions. *See Microlinc*, 2010 WL 3766655, at *2 (noting that "if all of the claims in the 488

7

patent remain rejected as they currently stand with the PTO, then this case would be greatly simplified because it would result in effective invalidity of the patent and the suit will likely be dismissed"); *QPSX Developments 5 Pty Ltd. v. Ciena Corp.*, 2009 WL 8590964, at *2 (E.D. Tex. Aug. 27, 2009) ("because the only claims asserted in this case are involved in reexamination, disposition of the appeal adversely to QPSX will likely resolve the issues in this case"); *see also Mission Abstract*, 2011 WL 5523315, at *2 ("If all or some of the asserted claims are ultimately cancelled, this litigation would be simplified, or potentially even mooted."). However, even if some claims at issue in the IPR proceeding are not invalidated or amended, the process itself will generate additional prosecution history that may give this Court more information on which it might rely.

Defendants agree that they will not contest the validity of any claim determined by the PTAB to be patentable on any ground for which the *inter partes* review proceeding was instituted. Since Defendants have identified the two prior art references in their Preliminary Election of Prior Art for which the IPR has been instituted, *see* Maisel Decl. Ex. C, at least a portion of the prior art identified by the Defendants may first be considered by the PTAB, which courts recognize "has particular expertise in patentability, and its [review] will help the Court understand the issues, and should the [PTAB] invalidate some of Plaintiff's claims, reduce the length and complexity of this litigation." *Lederer,* 2011 WL 31189, at *3; *see also QPSX Developments 5 Pty Ltd.*, 2009 WL 8590964, at *2 (granting stay on condition that each defendant "will not argue invalidity at trial based on one or more prior art patents and printed publications that were considered in the reexamination proceedings").

Additionally, a stay will avoid the possibility of inconsistent results between the PTAB and the litigations. Since the PTAB is not in a position to grant a stay of the EFF's IPR

proceeding because of the congressional mandate requiring it to expeditiously issue a final written decision in the IPR proceeding within one year, this Court is in the best position to use its inherent power to control its docket to stay the case and avoid inconsistent results. *See* 37 C.F.R. § 42.5(c) ("Any modification of times will take any applicable statutory pendency goal into account," and "[a] request for an extension of time must be supported by a showing of good cause"); *Bank of Am., N.A. v. Intellectual Ventures I LLC*, Case CBM2014-00028, -29, -30, -31, -32, -33, Conduct of the Proceeding 37 C.F.R. § 42.5, at *3 (P.T.A.B. Feb. 11, 2014) ("Our rules and practices are formulated to expedite proceedings.").

Therefore, a stay will simplify the issues in the instant litigations.

### C. The Stage of These Actions Favors a Stay

Courts have granted stays where the parties to the litigation were in various stages of the discovery and claim construction process. *See, e.g., Microlinc*, 2010 WL 3766655, at *3 (granting stay where "discovery is nearly complete and a trial date has been set"); *Click-to-Call Techs. LP v. Ingenio, Inc.*, Case No. 12-cv-465 (W.D. Tex. Dec. 5, 2013) (D.I. 147) (granting a motion to stay where a *Markman* order issued on August 16, 2013 and the PTAB instituted an IPR on October 30, 2013) (Maisel Decl., Ex. D); *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *2 (W.D. Pa. June 6, 2013) (granting stay where "litigation ha[d] reached a relatively late stage" and claim construction had already occurred); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 89 (W.D.N.Y. 2011) (granting stay where document discovery had been undertaken, but no other fact discovery had occurred, claim construction hearing had not been scheduled or conducted, and no trial date had been set); *Plasmart Inc. v. Wincell Int'l Inc.*, No. 05 Civ. 10745, 2008 WL 4107464, at *1 (S.D.N.Y. Sept. 2, 2008) (granting stay where discovery was complete and court had already engaged in claim

construction); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-civ-8815, 2000 WL 1134471, at *3 (S.D.N.Y. 2000) (granting stay where discovery was underway, but not yet completed, summary judgment motions had been served, claim construction hearing had not been held, and pretrial order not yet prepared); *Chicago Bd. Options Exchange, Inc. v. Int'l Sec. Exch.,* No. 13-1339 (S.D.N.Y. Nov. 1, 2013) (order granting motion to stay, Dkt. No. 93) (granting stay where the parties had "already done a substantial amount of work," exchanged 850,000 documents, begun depositions, and submitted their joint claims construction statement).

Here, fact discovery has not yet closed (and expert discovery—typically the most expensive part of the discovery process – has not yet begun) and this Court has not yet issued a claim construction ruling. A *Markman* hearing is scheduled for April 24, 2014. The pretrial conference is not scheduled until August 19, 2014, and jury selection is scheduled for September 8, 2014. Thus, a stay could save the Court from investing substantial time and resources in the resolution of discovery disputes (there are currently two such motions pending) and the claim construction process.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this litigation until the *inter partes* review is resolved.

| | |
|---|---|
| Dated:  April 24, 2014 | Respectfully submitted, |

*/s/ Steven Lieberman*
*(with permission by Jennifer P. Ainsworth)*
Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

*Attorneys for Defendants*
*CBS Corporation and*
*NBCUniversal Media, LLC,*
*FOX Broadcasting Company, and*
*FOX Networks Group, Inc.*

*/s/ Josh Krevitt*
*(with permission by Jennifer P. Ainsworth)*
Josh Krevitt
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Jason Lo
Raymond LaMagna
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Michael C. Smith
SIEBMAN, BURG, PHILLUOS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

*Attorneys for Defendant Howstuffworks, LLC*


By: */s/ Bill Frizell*
*(with permission by Jennifer P. Ainsworth)*
Bill Frizell
Frizzell Law Firm
6653 Oak Hill Blvd
Tyler, TX 75703
903/595-1921
Fax: 9035954383
Email: bfrizzell@tyler.net

*Attorney for Defendant Togi Entertainment, Inc.*

By: */s/ David Folsom*
*(with permission by Jennifer P. Ainsworth)*
David Folsom
Texas State Bar No. 07210800
dfolsom@jw.com
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT LOTZI DIGITAL, INC.**

By: */s/ Bijal V. Vakil*
*(with permission by Jennifer P. Ainsworth)*
Bijal V. Vakil
CA State Bar No.: 192878
*(Admitted to practice in the Eastern District of Texas)*
White & Case, LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com

Gregory L. Doll
CA State Bar No.: 193205
(*Admitted Pro Hac Vice*)
Doll Amir & Eley LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101
Email: gdoll@dollamir.com

*Attorneys for Defendant*

A PARTNERSHIP CONSISTING OF
ADAM CAROLLA, DONNY MISRAJE
AND SANDY GANZ

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 24th day of April, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

## CERTIFICATE OF CONFERENCE

On April 24, 2014, Steven Lieberman and Sharon Davis spoke to Papool Chaudhari, Counsel for Plaintiff, regarding the requested relief, and Mr. Chaudhari stated that Plaintiff was opposed to the relief requested herein.

*/s/ Sharon Davis*
Sharon Davis