**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**PERSONAL AUDIO, LLC,**

    Plaintiff,

    **v.**

**TOGI ENTERTAINMENT, INC. et al**

    Defendants

**2:13-cv-13 Consolidated Action**


**JURY TRIAL DEMANDED**


## PLAINTIFF PERSONAL AUDIO, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS AS TO OBVIOUSNESS

Plaintiff Personal Audio, LLC ("Plaintiff") respectfully submits this reply brief in support of its motion to strike the Defendants' Invalidity Contentions as to obviousness.

Defendants' failure to comply with the local rules concerning obviousness is yet another example in this litigation of Defendants' blatant attempts to avoid complying with their discovery obligations.  Per the Docket Control Order, substantial completion of document production was due on March 31, 2014, but that is the *first* day Defendants' produced any documents in the case other than Defendants' Patent L.R. 3-4 production, and even then, Defendants' productions were glaringly deficient.  For example, FOX produced **six** documents on March 31; CBS produced **57** on March 31; NBC produced **two** documents on March 31; HowStuffWorks produced **81** documents; and Togi Entertainment produced **zero** documents on March 31 and has not produced any documents other than its Patent L.R. 3-4 production to date.  *See* Chaudhari Declaration, attached, at ¶¶ 5-6.[1]  Further, NBC, CBS, and FOX purported to make source code available for inspection last week and Plaintiff sent its expert across the country to review said source code, only to find that NBC, CBS, FOX did not make relevant server-side source code available, despite the fact that the asserted claims focus on server-side architecture.  Accordingly, Plaintiff raises the issue of Defendants' deficient invalidity contentions not in a vacuum, but in the context of repeated failures to comply with discovery obligations in this case.

As to the motion to strike at hand, Defendants have many excuses for their failure to specifically identify the combinations of prior art that supposedly render claims 31-34 obvious, all of which are unavailing.  First, Defendants seek to lay blame on Personal Audio—which is ironic,

---

[1]      All Defendants except Togi have made rolling supplemental productions since March 31, but this does not change the fact that Defendants waited until the last day for substantial completion of document production to even begin any document production.  As a practical manner, Plaintiff's ability to take meaningful 30(b)(6) depositions has been jeopardized by this lack of (and extremely late) document production.  Plaintiff also notes that it is trying to work out these issues with Defendants to avoid unnecessary motion practice.

since: (1) Personal Audio repeatedly complained about the volume of the invalidity contentions served, and specifically noted that they obscured Defendants' prior art arguments; and (2) Despite this Court's Local Rules, which require that "[a]mendment or supplementation [of] … Invalidity Contentions . . . may be made . . . only upon a showing of good cause" under P.R. 3-6(b), the Defendants already amended their contentions once, months after the original deadline.[2]

Defendants harp on the fact that this issue was not raised until the motion was filed in March 2014. This ignores the fact that the second set of invalidity contentions was served in February 2014, and since it is 883 pages, it took Plaintiff some time to go through it all in order to come to the conclusion that Defendants had not pled any obviousness combination in any specificity. Additionally, even if these issues *were* raised shortly after service of the October 2013 invalidity contentions, there was no good cause at that time to allow amendment or supplementation of the contentions. If there was no good cause then, there is certainly no good cause now at the end of fact discovery and following the claim construction hearing. Defendants do not even argue in their opposition that they had or have "good cause" to amend their contentions. Thus, to the extent the Court concludes that Defendants' obviousness contentions are not compliant with the Patent Local Rules, Defendants impliedly concede that there is no good cause to allow them to amend.

Also, the fact that Defendants agreed (only after weeks of negotiation) to adopt the Model Order limiting prior art references, does not excuse their failure to identify specific obviousness

---

[2] Defendants NBC, CBS, Togi Entertainment and HowStuffWorks served their original invalidity contentions on October 10, 2013. The Court later consolidated Defendants FOX, Lotzi and The Partnership into the case in January 2014 and ordered all parties to work on a new docket control order. In doing so, Plaintiff permitted Defendants NBC, CBS, Togi Entertainment and HowStuffWorks to join with the new Defendants in serving joint invalidity contentions on February 14, 2014, although under the Patent Local Rules, Defendants NBC, CBS, Togi Entertainment and HowStuffWorks were not supposed to get another attempt to serve invalidity contentions. The February 14, 2014 invalidity contentions *should* have been only from the new Defendants, with the old Defendants bound by their October 2013 invalidity contentions.

combinations.  Nor is their offer to limit the combination to 50 of much use to Plaintiff in trying to ascertain their arguments.  Indeed, the reason good cause is required to amend Invalidity Contentions at all is "not to create supposed loopholes through which parties may practice litigation by ambush."  *Coopervision, Inc. v. Ciba Vision Corp*., 480 F. Supp. 2d 884, 887 (E.D. Tex. 2007) (internal quotation marks omitted).  Defendants bear the burden of demonstrating good cause, and unless Defendants do so, this Court should not allow any amendment to overcome the glaring problems in their Invalidity Contentions.  *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004).  Even assuming there is no prejudice to Plaintiff, Defendants would still be required to show some excuse for their failure to follow the Local Rules.

Citation to cases interpreting the Local Rules of a different jurisdiction does nothing to help Defendants' cause.  Unlike the Northern District of California, this District has held that specific combinations of prior art are required under the Local Rules to make proper obviousness contentions.  *See Realtime Data, LLC v. Packeteer, Inc.*, Civil Action No. 6:08-CV-144, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009); *Cummins-Allison Corp. v. SBM Co.*, 2009 WL 763926 at *4 (E.D. Tex. Mar. 19, 2009).  Further, lack of diligence in investigation, discovery, and presentation of prior art references is sufficient reason to not allow Defendants to amend at this point to overcome their deficiencies.  *See Macrosolve, Inc. v. Antenna Software, Inc. et al.*, Case No. 6:11-cv-287-MHS-JDL, at 6 (E.D. Tex. Jul. 23, 2013).

Finally, Defendants make a half-hearted attempt to argue that their charts are sufficient. Defendants' vast combinations of prior art, with vague references to a motivation to combine, are shown in Defendants' Exh. 6.  If anything, Exh. 6 proves beyond doubt that the Defendants' obviousness contentions are impossible to analyze and incapable of allowing Plaintiff to adequately prepare to defend against them at trial.

4

Even the specific charts argued by Defendants to be adequate are lacking.  In fact, Chart B-2 may be the epitome of the issue with Defendants' charts.  For each element, several different snippets of a multitude of prior art references are listed.  *See* Defendants' Exh. 8 (e.g., in the preamble section, Defendants quote portions of Burrows, Chen, Nash, Anselmo, Shelton, Goldstein, Morrison, Penzias, PR Newswire re: GEIS Quiknews, Pearson and Lemay).  If that were not enough, in several places the charts incorporate by reference all of the 68 anticipation charts.  *See, e.g.,* Exh. 8 at 15 (stating "See Anticipation Charts, Exhibit A.").  There is no discussion of why one of skill in the art would combine any of the particular references, and Plaintiff is left to guess as to which combinations will be argued by Defendants and what the supposed motivation to combine those references would be.

Chart B-1 (Exh. 7) does not disclose the identity of the supposed "compilation file," nor does it give any motivation to modify the prior art system for the Internet.  "Mere suggestion" does not suffice and Defendants are required "to submit invalidity charts to provide notice of how each claim element is met."  *See Cummins-Allison Corp. v. SBM Co.*, 2009 WL 763926 at *4 (E.D. Tex. Mar. 19, 2009) (holding that failure to provide the specific claim reference that reads on a claim limitation does not place Plaintiff on sufficient notice).  It should also be noted that Chart B-1, even if it were, *arguendo*, assumed sufficient, is a red herring—the prior art discussed in this chart was not one of the 18 references listed in Defendants' Preliminary Election of Prior Art.

In short, at this point, Plaintiff has no idea what obviousness arguments Defendants will raise, despite the fact that Plaintiff should have had this information for use in discovery and the claim construction process, and has been prejudiced by not having this information during these key portions of the litigation.  Indeed, Defendants' first proposal was that they be limited to any combination of the 18 prior art references they charted for anticipation, and did not even mention

their B-1 and B-2 charts.  Plaintiff will certainly not agree to any combination of the hundreds of references in the Invalidity Charts being raised at this late date.  Even if the Court allows Defendants to amend to allow a few specific combinations to be added, Plaintiff wants clarification that broad identifications of prior art for obviousness such as the Defendants' current "B" charts is not sufficient under the Model Order nor the Patent Local Rules.

### Conclusion

Defendants' Invalidity Contentions fail to comply with the Patent Local Rules. Since Defendants have offered no good cause for amending again at this late date, Plaintiff respectfully requests Defendants' contentions regarding obviousness be struck and Defendants be prohibited from making these arguments in the remainder of this case.


Respectfully Submitted,

**PERSONAL AUDIO, LLC**

*/s/ Papool S. Chaudhari*

Dated:  April 28, 2014          By:  _____
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
(646) 571-2001 Fax
jpitcock@pitcocklawgroup.com


T. John Ward
State Bar No. 20848000
T. John Ward, Jr.
State Bar No. 00794818
Claire A. Henry
State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231

Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: tjw@wsfirm.com
E-mail: jw@wsfirm.com
E-mail: claire@wsfirm.com

Papool S. Chaudhari
Texas State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

BURNS & LEVINSON LLP
Howard J. Susser (pro hac vice)
*hsusser@burnslev.com*
Stephen Y. Chow (pro hac vice)
*schow@burnslev.com*
Merton E. Thompson, IV (pro hac vice)
*mthompson@burnslev.com*
Zachary R. Gates (pro hac vice)
*zgates@burnslev.com*
125 Summer Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299


**ATTORNEYS FOR PLAINTIFF**
**PERSONAL AUDIO, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was filed electronically in compliance with

Local Rule CV-5(a).   As such, the foregoing was served on all counsel of record who have

consented to electronic service. Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule

CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 28th day of April, 2014.

*/s/ Papool S. Chaudhari*

_____

Papool S. Chaudhari