# Exhibit 1

## WILSON, ROBERTSON & CORNELIUS

JENNIFER P. AINSWORTH
JON K. ALEXANDER¹
KAY K. CASERTA
WILLIAM CORNELIUS
KELLY B. LEA
MATTHEW T. MILAM
LEIGH C. PORTER
JAMES S. ROBERTSON, JR. ²
JAMES D. VanDEVENTER
ROBERT H. WILSON
AMY S. YORK

A PROFESSIONAL CORPORATION
ATTORNEYS  &  COUNSELORS
909 ESE LOOP 323, SUITE 400
TYLER, TEXAS 75701
(903) 509-5000
FAX (903) 509-5091

POST OFFICE BOX 7339
TYLER, TEXAS 75711-7339

MURPH WILSON (1912-1996)

¹BOARD CERTIFIED ESTATE PLANNING & PROBATE LAW
²BOARD CERTIFIED OIL, GAS & MINERAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

May 5, 2014

<u>VIA ECF</u>

Honorable Roy Payne
United States Magistrate Judge
Sam B. Hall, Jr. Federal Building and
United States Courthouse
100 East Houston Street
Marshall, TX 75670

Re:   *Personal Audio, LLC v. Togi Entertainment, Inc. et al.,*
       Case No. 2:13-cv-00013-JRG-RSP (E.D. Tex.)

Dear Judge Payne:

Pursuant to this Court's Docket Control Order, Defendants[1] hereby submit this letter brief seeking permission to file a motion for summary judgment of invalidity. As shown below, all claims asserted by Plaintiff Personal Audio, LLC ("Personal Audio") from U.S. Patent No. 8,112,504 ("the '504 patent") are invalid under sections 102 and 103 of the Patent Act. Specifically, claims 31 and 32 are anticipated at least at least by each of *Compton*[2], the *NRL website*[3], the *NCSA website*[4], and the SURFPUNK Technical Journal[5]; and claims 31-34 are obvious in view of these references. Claim 31 is the only independent claim asserted by Personal Audio; claims 32-34 (the only dependent claims asserted by Personal Audio) depend from claim 31.

## I.      The Alleged Invention

Personal Audio contends that the asserted patent claims cover a web server for serving a web page that lists available episodes and contains one or more links a user can click on to watch any one or more of the episodes, where the web page is updated from time to time with new links

---

[1] This letter brief is being filed on behalf of all parties identified in the signature block at the end of the accompanying Notice.

[2] C.L. Compton and P.D. Bosco, "Internet CNN NEWSROOM: A Digital Video News Magazine and Library," In Proceedings of International Conference on Multimedia Computing and Systems, IEEE May 15-18, 1995, pp. 296-301 ("*Compton*").

[3] The *NRL website* refers to a set of web pages created by a Naval Research Laboratory (NRL) contractor, Bill Fenner, and the NRL web server that hosted the web pages and associated audio files. In 1993 and 1994 the URL for the home page of the *NRL website* was http://www.cmf.nrl.navy.mil/radio/radio.html.

[4] The *NCSA website* refers to a web page created by the National Center for Supercomputing Applications (NCSA) and the NCSA web server that hosted the web page and associated audio file. In 1993 the URL for the NCSA web page was http://www.ncsa.uiuc.edu/radio/radio.html.

[5] Posting of Henry Strickland, surfpunk@osc.versant.com, to surfpunk@osc.versant.com (April 22, 1993) (archived at http://ftp.yak.net/pub/surfpunk/issues/0080).

for watching new episodes. Hence, Personal Audio accuses, for example, NBC of infringing its patent merely because there exists an NBC web page that lists available episodes of NBC's TV show Chicago Fire and a user can click on one of the identified episodes and thereafter begin watching that episode on the user's computer. As demonstrated below, such web pages existed well before the earliest possible effective filing date of the '504 patent and well before the date that Personal Audio has identified in its interrogatory responses as its date of conception (May 29, 1996).

## II.    Claims 31 and 32 are Anticipated

Although anticipation is a question of fact, the Federal Circuit has often explained that summary judgment of anticipation is appropriate and warranted where the undisputed facts show that all claimed elements are disclosed by a prior art reference. *See, e.g., Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1324-25 (Fed. Cir. 2013).

Here, there are no disputes of fact that would preclude summary judgment of anticipation. First, there is no dispute that *Compton*, the *NRL website*, the *NCSA website*, and the SURFPUNK Technical Journal (*STJ*) are prior art to the asserted claims. *Compton* was published in May of 1995, which is more than one year before the earliest possible effective filing date of the '504 patent. Thus *Compton* qualifies as prior art under at least 35 U.S.C. §§ 102(a) and 102(b). Both the *NRL website* and *the NCSA website* were: (1) published; and (2) invented and put in public use in this country as early as 1993. Thus the *NRL website* and the *NCSA website* qualify as prior art under at least 35 U.S.C. §§ 102(a), 102(b) and 102(g)(2). *STJ* was published in 1993, and thus qualifies as prior art under at least 35 U.S.C. §§ 102(a) and 102(b)[6]. Second, as demonstrated below, there can be no genuine dispute that each of the cited references discloses each limitation of claims 31 and 32, at least as interpreted by Personal Audio and as provisionally interpreted by this Court. Additionally, with the exception of *Compton*, which discloses video programs, each of the other references anticipates under Defendants' proposed constructions.

*Compton* describes a web site for distributing episodes of a TV program called "CNN NEWSROOM." *Compton*, p. 296. The CNN NEWSROOM program "is a 15 minute-per-day commercial free video program" that is "distributed by cable television operators nationwide." *Id*. The web site is referred to as "Internet CNN NEWSROOM." *Id*. The Internet CNN NEWSROOM web site includes a "Table of Contents" in the form of an "html document" (i.e., a web page) named "contents.html." *Id*. at 298. The Table of Contents is updated regularly so that, on any given day, the Table of Contents includes "an icon or title for each segment of the [CNN NEWSROOM] program" that most recently aired. *Id*. ("Several html documents are

---

[6] While the PTAB in its Decision granting IPR review of claims 31-35 of the '504 patent in response to a petition filed by the Electronic Frontier Foundation ("Decision") found that the EFF had failed to show that the NCSA website and STJ were publications, through depositions of non-parties and other evidence (such as books) that were not before the PTAB, Defendants have established both that: (a) these two references were publications (e.g., STJ was distributed to a list of at least 300 individuals and was placed on a publicly available FTP server in early 1994); and (b) the NCSA website was in use in 1993. Whether an anticipatory document is a "printed publication" is a question of law. *Cooper Cameron Corp. v. Kvaerner Oilfield Prods.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002). The PTAB, because it has no authority to consider "in use" prior art, did not address this latter issue, which is likewise a question of law. *Leader Techs., Inc. v. Facebook, Inc.*, 678 F.3d 1300, 1305 (Fed. Cir. 2012).

generated for each Internet NEWSROOM. These include the Table of Contents[.]"). Each icon (or title if there is no icon) "is used to form a link to the [MPEG] video" for the segment to which the icon corresponds. *Id*. "[W]hen a user clicks on a link to a MPEG video, the entire MPEG file . . . is downloaded onto their local hard disk." *Id*. at 300. Figure 1 of *Compton* is a screen shot of the Table of Contents page. As shown in Figure 1, when the screen shot was taken, a user could visit the Table of Contents page of the Internet CNN NEWSROOM website to download the segments of the Thursday, May 19, 1994, edition of CNN NEWSROOM.

Both the *NCSA website* and The *NRL website* were invented in 1993 and used at least in 1993 to distribute episodes of an Internet radio show produced by Internet Talk Radio named "The Geek of the Week." Both the *NRL website* and the *NCSA website* included a web page (a.k.a., "index" or "table of contents") that included a list of the available Geek of the Week (GotW) episodes, and, for each available episode, one or more hyperlinks for downloading the one or more audio files representing the episode. The table of contents page was updated whenever a new GotW episode became available. *STJ* contains a copy of the *NCSA's* table of content page (radio.html) as it existed on April, 22 1993.

Turning now to the language of claim 31, claim 31 is directed to an "[a]pparatus for disseminating a series of episodes represented by media files via the Internet as said episodes become available." The claimed apparatus requires only three well known, commonplace computer components: i) data storage servers for storing data files; ii) communication interfaces for receiving requests and responding to the requests by downloading a requested data file; and iii) processors coupled to the communication interfaces and data storage servers. That is, claim 31 requires no other tangible component other than these three identified components. These three components existed in the prior art, and, in any event, these three components are disclosed in the cited references as each discloses a web server that distributes media files representing episodes.

With respect to the claimed processor, the claim requires that the processor be able to perform the commonplace function of "storing one or more media files representing each episode as said one or more media files become available, each of said one or more media files being stored at a storage location specified by a unique episode URL." There is no genuine dispute as to the fact that the cited references disclose such a processor as each discloses a web server that distributes stored media files representing episodes. Each of the cited references discloses that the media files are stored at unique URLs because each discloses a web page having hyperlinks (*i.e.*, URLs) pointing to the location of the media files.

Claim 31 also requires that the processors be configured for, "from time to time, as new episodes represented in said series of episodes become available, storing an updated version of a compilation file in one of said one or more data storage servers at a storage location identified by a predetermined URL." *Compton* meets this limitation because it discloses a process for generating the Table of Contents for a new edition of CNN NEWSROOM as the edition becomes available. *See id*. at 298 (disclosing generating the Table of Contents for each Internet CNN NEWSROOM from the NEWSROOM Curriculum guide). Additionally, *Compton* discloses that the Table of Contents is stored at a storage location identified by a predetermined URL (*i.e.*, a link). *Id*. ("a link to the table of contents is added to the top of the guide").

The Honorable Roy Payne
May 5, 2014
Page 4

Likewise, the *NRL website* meets this limitation because a computer program automatically updates the GotW table of contents page ("geek_ITR.html") whenever a new GotW episode becomes available. The *NRL* GotW table of contents page is accessed by clicking on a link on an NRL home page, which link identifies the storage location of the broadcast schedule page. *STJ* and the *NCSA website* disclose that the GotW table of contents page is stored at the location identified by the URL http://www.ncsa.uiuc.edu/radio/radio.html. *STJ* and the *NCSA website* also disclose that this page is updated when a new GotW episode becomes available.

Claim 31 also states, "said updated version of said compilation file containing attribute data describing currently available episodes in said series of episodes, said attribute data for each given one of said currently available episodes including displayable text describing said given one of said currently available episodes and one or more episode URLs specifying the storage locations of one or more corresponding media files representing said given one of said episodes." This is met by *Compton*. The Table of Contents disclosed in *Compton* includes links (i.e., URLs) for downloading video files representing the episode. As shown in figure 1, the Table of Contents also includes the recited displayable text. Similarly, the GotW table of contents pages from both the *NCSA website* and the *NRL website* included, for each available GotW episode, one or more links for downloading one or more audio files representing the episode. Thus, this element is met by the *NRL* and *NCSA websites*, as well as *STJ*, which contains a copy of the *NCSA* GotW table of contents page as it exited on April 22, 1993.

Claim 31's final element is also met by each of these references. *Compton* discloses distributing the Internet CNN NEWSROOM via the World Wide Web. Specifically, the user's computer sends to the Internet NEWSROOM web server a request for the Table of Contents, and the web server receives and responds by downloading the Table of Contents to the user's computer. Thereafter, the user clicks on a link to a video file included in the Table of Contents. Clicking on such a link in the Table of Contents causes the user's computer to send to the web server a request for a video file identified by the link. The web server responds to the request for the video file. Thus, this element is met by *Compton*. This element is also met by the *NRL* and *NCSA websites* as well as *STJ*. Specifically, in 1993 and 1994 the web server for the *NRL website* received from a user's computer a request for the broadcast schedule page for Geek of the Week and responded to the request by downloading the requested page to the user's computer. Thereafter, the user clicked on a link to an audio file included in the broadcast schedule page. Clicking on such a link causes the user's computer to send a request to the NRL web server for the audio file identified by the link, and the NRL web server responded to the request by downloading the audio file to the user's computer. The same is true for the *NCSA website*. As shown in *STJ*, on April 22, 1993, Mr. Strickland's computer sent a request for the *NCSA* GotW table of contents page, the web server for the *NCSA website* received the request and downloaded the requested GotW table of contents page to Mr. Strickland's computer. The GotW table of contents page received at Mr. Strickland's computer included links to audio files for the GotW episodes. Clicking on any of those links would cause Mr. Strickland's computer to send to the same web server a request for the audio file identified by the clicked on link. The web server, in response, would download the requested audio file to Mr. Strickland's computer.

Claim 32 merely adds the requirement that "said media files contain digital compressed audio recordings that may be reproduced in audible form by a requesting client device." This is

met by *Compton*. *See Compton* at 299 ("the NEWSROOM audio is encoded at 192kbit/second, in monaural."). This also met by the *NRL and NCSA websites* as the audio files distributed by these websites are in the well known ".au" digital format. This is also disclosed in *STJ*.

## III.   Claims 31-34 are Obvious

There is no genuine dispute regarding obviousness. Obviousness may be decided on summary judgment, and summary judgment is warranted "when the factual inquiries into obviousness present no genuine issue of material facts." *See, e.g., Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716 (Fed. Cir. 1991). These factual inquiries are "the scope and content of the prior art, the differences between the prior art and the claims at issue, the level of ordinary skill in the pertinent art, and secondary considerations." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1338-39 (Fed. Cir. 2008). Here, there is no genuine dispute about any of these factual inquiries. Additionally, "in reaching an obviousness determination, a trial court may conclude that a patent claim is obvious, even in the light of strong objective evidence tending to show non-obviousness." *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1472 (Fed. Cir. 1997); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007).

With respect to claims 31 and 32, all elements are disclosed in the cited references. To the extent Personal Audio contends an element is missing from a cited reference, the claims are nonetheless invalid as being obvious in view of the references themselves or in view of a combination of the references because all of the claim elements would have been predictable additions to the prior art and could have been implemented easily by a person of ordinary skill in the art. *KSR Int'l Co. v. Teleflex*, 550 U.S. 398, 416-19 (2007). Moreover, none of the claim elements produce any unexpected results. *Id.* For example, creating a computer file that lists available episodes of a show and then later updating the computer file so that the list includes any newly released episodes is within the skill of any person who knows how to use a word processor and does not produce any unexpected results. Moreover, storing media files representing episodes is no different than storing other media files. A file is a file. Further, adding hyperlinks to the computer file that lists the episodes so that a user can download any of the episodes was also within the skill of anyone who had rudimentary knowledge of HTML. Thus, for example, it would have been a trivial exercise for the creators of Internet CNN NEWSROOM to store on a web server a single HTML file that lists every currently available episode of CNN NEWSROOM and then update that file when a new episode becomes available, as taught by *STJ*, the *NCSA website* and the *NRL website*. It would have also been trivial to include in the HTML file a link for each episode, where the link points to a media file for the episode. The media files could be stored anywhere, including on the same web server on which the HTML file stored.

With respect to claims 33 and 34, the only difference between the cited references and the claims is that the claims require that a media file "contain text data." The practice of putting text data (such as a copyright notice) into a media file was common knowledge prior to May 1996, *see e.g.*, Ozer[7], -- a fact that Daniel Goessling (a co-inventor and co-founder of Personal Audio) has admitted -- and putting text into a media file would not take anything other than routine skill and would not produce any unexpected results.

---

[7] Jan Ozer, "Editors' Choice: RealAudio," PC Magazine, March 26, 1996.

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
903-509-5000
Fax: 903-509-5092
Email: jainsworth@wilsonlawfirm.com

Steven Lieberman
slieberman@rfem.com
Brian S. Rosenbloom
brosenbloom@rfem.com
Sharon L. Davis
sdavis@rfem.com
Jennifer Maisel
jmaisel@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W.
Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile:  (202) 783-6031

*Attorneys for CBS Corporation, NBCUniversal
Media, LLC, Fox Broadcasting Company,
Fox Networks Group, Inc.*

*/s/ Josh Krevitt*
*(with permission by Jennifer P. Ainsworth)*
Josh Krevitt
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Jason Lo
Raymond LaMagna
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile:  (213) 229-7520

Michael C. Smith
SIEBMAN, BURG, PHILLUOS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone:  (903) 938-8900
Facsimile:  (972) 767-4620

*Attorneys for Defendant Howstuffworks, LLC*


*/s/ Bill Frizzell*
*(with permission by Jennifer P. Ainsworth)*
Bill Frizzell
FRIZZELL LAW FIRM
6653 Oak Hill Blvd
Tyler, TX 75703
903/595-1921
Fax: 9035954383
Email: bfrizzell@tyler.net

*Attorney for Defendant Togi Entertainment, Inc.*

*/s/ David Folsom*
*(with permission by Jennifer P. Ainsworth)*
David Folsom
Texas State Bar No. 07210800
dfolsom@jw.com
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

*Attorneys for Defendant Lotzi Digital, Inc.*


*/s/ Bijal V. Vakil*
*(with permission by Jennifer P. Ainsworth)*
Bijal V. Vakil
CA State Bar No.: 192878
WHITE & CASE, LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com

Gregory L. Doll
CA State Bar No.: 193205
DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101
Email: gdoll@dollamir.com

*Attorneys for A Partnership Consisting of*
*Adam Carolla, Donny Misraje and Sandy Ganz*