**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | |
| **v.** | |
| **TOGI ENTERTAINMENT, INC. et al** | **2:13-cv-13 Consolidated Action** |
| Defendants | **JURY TRIAL DEMANDED** |

**PLAINTIFF PERSONAL AUDIO, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD**

Plaintiff Personal Audio LLC ("Plaintiff" or "Personal Audio") submits this opposition to Defendants' motion to supplement the record.

Defendants seek to supplement the record of the April 24, 2014 Claim Construction hearing with a radio interview that is inadmissible hearsay lacking in probative value.   The claim construction discovery period has lapsed, which was the proper opportunity to elicit inventor testimony on the claimed invention.   Finally, Defendants have not cited a single authority that suggests an unsworn statement by an inventor should be admitted into evidence at a *Markman* hearing.   Therefore, respectfully, the Motion to Supplement the Record should be denied.

**I.      Deadline to Complete Claim Construction Discovery Has Lapsed**

The Docket Control Order (DKT 63) provides a set time for claim construction discovery. Defendants had until March 4, 2014, in which to elicit inventor testimony through a deposition, but chose not to do so.  James Logan is a named inventor on U.S. Patent No. 8,112,504 ("Patent-in-suit").  His name is the first name listed in the inventorship.  Mr. Logan is also disclosed in

Personal Audio's Initial Disclosures.  Defendants could have utilized the claim construction discovery period if they desired to depose any of the named inventors, including Mr. Logan, and supplement the extrinsic record.  The Court should not allow Defendants to improperly use a radio interview (which is not testimony under oath, with counsel present) as end-run around the claim construction discovery process.

## II.    The Interview should be Excluded as Inadmissible Hearsay

The radio interview that the Defendants are attempting to enter into evidence falls squarely within the definition of hearsay and is therefore inadmissible.  FRE 801(c).  The radio interview is an out-of-court statement offered for the purpose of proving that the definition of term "downloading" should somehow also include non-temporary storage.  The general bar against hearsay is motivated by unreliability, accuracy, inadequate memory, and ambiguity.  These risks are generally mitigated by an oath and cross examination, neither of which are present here.  Cross-examination is "the 'greatest legal engine ever invented for the discovery of truth.'"  *California v. Green*, 399 U.S. 149, 158 (1970) (quoting 5 JOHN HENRY WIGMORE, A TREATISE ON THE ANGLO-AMERICAN SYSTEM OF EVIDENCE IN TRIALS AT COMMON LAW § 1367 (3d ed. 1940)).

Defendants half-heartedly argue that Mr. Logan's interview is a "party admission," *see* Motion at 1.  FRE 801(d) sets forth a hearsay exclusion for "Admissions by a Party-Opponent" if the extra-judicial statement is offered against a party and is:

"(A)  his or her own statement, in an individual or representative capacity;

(B)  a statement that the party has manifested an adoption of or a belief in its truth;

(C) a statement by someone authorized by the party to make it;

(D) a statement by the party's agent or servant about a matter within the scope of agency or employment, made during the existence of the relationship; or

(E)  a statement by the party's co-conspirator during and in furtherance of the conspiracy."

See FRE 801(d)

Mr. Logan was not authorized to give this interview by the company and is not an employee, agent, or officer of the company (Liddle Decl. ¶¶ 4, 5) and therefore his extrajudicial statements cannot not be deemed a party admission.

## III.    Inventor Testimony Has Little or No Probative Weight

Statements made by the inventor after prosecution of the patent is complete are entitled to little or no weight on the question of the scope and meaning of the claims.  *See North American Vaccine, Inc. v. American Cyanamid Co.*, 7 F.3d 1571, 1577 (Fed. Cir. 1993) ("Such after-the-fact testimony is of little weight compared to the clear import of the patent disclosure itself.").  In claim construction, "the words of a claim 'are generally given their ordinary and customary meaning." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).  The claims, "part of 'a fully integrated written instrument . . . must be read in view of the specification, of which they are a part." *Phillips*, 415 F.3d at 1315 (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977-78 (Fed. Cir. 1995).  Thus it follows that the specification and other intrinsic evidence that is of utmost importance in determining the meaning of a particular word in a claim. *See id.*

Any extrinsic evidence offered, is "less significant than the intrinsic record in determining the legally operative meaning of claim language." *Phillips*, 415 F.3d at 1317. Extrinsic evidence is less significant, as the "best guide for defining a disputed term is the patent's intrinsic evidence." *Profectus Technology LLC v. Huawei Technologies Co.*, No. 6:11-CV-474, 2014 WL 157571

(E.D. Tex. Apr. 16, 2014) (mem. op.) (citing *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002). *Phillips* also rejected any claim construction approach that "sacrificed the intrinsic record in favor of extrinsic evidence." *Astute Technology, LLC v. Learners Digest International LLC*, No. 2:12-CV-689-JRG, 2014 WL 1385191 (E.D. Tex. Apr. 2, 2014) (quoting *Phillips*, F.3d at 1319-24). The radio interview is not only extrinsic evidence, but extrinsic evidence with the lowest possible probative value.

"The testimony of an inventor cannot be relied on to change the meaning of the claims." *Howmedica Osteonics Corp. v. Wright Medical Technology, Inc.*, 540 F.3d 1337, 1346 (Fed. Cir. 2008) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996)). In *Howmedica,* the alleged infringer argued that "inventor testimony is relevant in cases where the inventor does not seek to enlarge the scope of the claims to cover an accused product, but rather admits that the claims are limited to exclude that product." *Id.* at *1346. The court rejected this and also the notion that this type of "testimony is reliable because it is against the inventor's interest." *Id.* One of the reasons that inventor testimony, which Mr. Logan's interview is not, is given little probative value is that "it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO."

As the Federal Circuit and this Court give such little weight to inventor <u>testimony</u>, this <u>out-of-court radio interview</u> should be given no probative weight in ascertaining the meaning of the disputed claims.

## IV.     Conclusion

In light of the foregoing, Plaintiff respectfully requests that Defendants' Motion to Supplement the Record be DENIED.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

*/s/ Papool S. Chaudhari*

Dated:  May 19, 2014                    By:  _____

Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
(646) 571-2001 Fax
jpitcock@pitcocklawgroup.com


T. John Ward
State Bar No. 20848000
T. John Ward, Jr.
State Bar No. 00794818
Claire A. Henry
State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: tjw@wsfirm.com
E-mail: jw@wsfirm.com
E-mail: claire@wsfirm.com


Papool S. Chaudhari
Texas State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com


BURNS & LEVINSON LLP
Howard J. Susser (pro hac vice)
*hsusser@burnslev.com*
Stephen Y. Chow (pro hac vice)
*schow@burnslev.com*

5

Merton E. Thompson, IV (pro hac vice)
*mthompson@burnslev.com*
Zachary R. Gates (pro hac vice)
*zgates@burnslev.com*
125 Summer Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).   As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 19th day of May, 2014.

*/s/ Papool S. Chaudhari*

—————————————
Papool S. Chaudhari