# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>    Plaintiff,<br><br>  **v.**<br><br>**TOGI ENTERTAINMENT, INC. et al**<br><br>    Defendants | **2:13-cv-13 Consolidated Action**<br><br>**JURY TRIAL DEMANDED** |

## ORDER LIMITING ASSERTED CLAIMS AND PRIOR ART REFERENCES

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. Plaintiff shall serve a Preliminary Election of Asserted Claims no later than December 27, 2014, which shall assert no more than four claims from the patent-in-suit.  Not later than January 23, 2014, Defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than eighteen prior art references[1].

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

3. No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than four asserted claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than nine asserted prior art references from among the eighteen prior art references previously identified. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

*Modification of this Order*

4. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.

SO ORDERED.

**SIGNED this 20th day of May, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE