IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TOGI ENTERTAINMENT, INC. et al**<br><br>Defendants | **Civil Action No. 2:13-cv-00013-JRG-RSP**<br>**Lead Case**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PERSONAL AUDIO, LLC'S SUR-REPLY TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY PENDING THE OUTCOME OF *INTER PARTES* REVIEW**

Plaintiff Personal Audio, LLC ("Personal Audio") respectfully submits this sur-reply in opposition to Defendants' Motion to Stay Pending the Outcome of the *Inter Partes* Review ("IPR").

## **Undue Prejudice to Personal Audio**

Personal Audio has an interest in timely enforcement of its patent rights. *See Ambato Media, LLC v. Clarion Co.*, No. 2:09-CV-242-JRG, 2012 WL 194172, *1 (E.D. Tex. Jan. 23, 2012). A stay at this advanced stage of litigation would frustrate the exercise of these patent rights. Further, a stay, approximately three months before the trial, would also enable Defendants to continue to infringe the patent and profit from Personal Audio's intellectual property, throughout the period during which the case is stayed. *See RPost Holdings, Inc. v. Readnotify.com Pty Ltd.*, No. 2:11-CV-16-JRG, *1 (E.D. Tex. Jun. 29, 2012).

Defendants argue that the IPR proceeding will be completed by April 18, 2015 (Dkt. 163 at 1). They acknowledge the possibility of a six month extension past that date, but fail to consider the length of time an appeals process from the PTAB can take after issuance of a final written decision. Therefore, contrary to Defendants' inference that a stay would persist "a mere seven months after the September jury selection date," (*id.*) the process will in fact last several years. This Court has recognized an obligation to "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *C.f. Unifi Scientific Batteries, LLC v. Sony Mobile Comms. AB*, 6:12-cv-224, Dkt. 81 at 5 (E.D. Tex. Jan. 14, 2014) (Love, M.J.). Staying this case, with jury selection in approximately three months (Dkt. 63 at 1), does not fulfill this obligation and will unduly prejudice Plaintiff.

Finally, Personal Audio faces an undue burden due to the extensive preparations undertaken for this litigation. This case is at a very advanced stage, as analyzed below, and both

2

parties have devoted significant time and effort to the preparation. Additionally, if a stay is granted, some of these preparations will spoil, "because, when a case is stayed, 'witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place.'" *Ambato Media, LLC*, 2012 WL 194172 at \*1 (quoting *Gladish v. Tyco Toys, Inc.*, No. S-92-1666WBS/JFM, 1993 WL 625509, \*2 (E.D. Cal. Sep. 15, 1993)).

## Status of Case

This litigation is in an advanced stage. Jury selection is in approximately three months, fact discovery is complete, and experts have served opening reports. Defendants cite *Mission Abstract Data* in support of why this Court should grant a motion to stay. *Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, No. 11-176-LPS, 2011 WL 5523315, at \*4 (D. Del. Nov. 14, 2011). *Mission* is distinguishable for a number of reasons, most notably because fact discovery had not even begun and the case was so premature that a trial date had not been set; This factor clearly weighs in favor of denying a motion to stay.

## Simplification of Issues

Defendants incorrectly assert in their reply brief that the Patent Trials and Appeals Board ("PTAB") has "already concluded that asserted claims 31-34 are 'more likely than not' unpatentable in view of the prior art before it." Reply Br. at 2 (mis-quoting *Decision for Institution of Inter Partes Review*, Case No. IPR 2014-00070 at 26). First, this assertion entirely misquotes the PTAB, as the PTAB has not made a final declaration of any sort, and, in fact, explicitly states that "[t]he Board has not made a final determination of the patentability of any challenged claim." *Id*. The PTAB only states that based on the information presented in the petition, third party petitioner EFF has a "reasonable likelihood" of prevailing in the IPR proceeding. *Id.* The USPTO instructs that "reasonable likelihood" to prevail is distinguishable

3

from—and a lower burden than—Defendants' misleading assertion that the asserted claims are "more likely than not" unpatentable in view of the prior art. *See* Posting of Chief Judge James Donald Smith to uspto.gov, http://uspto.gov/aia_implementation/smith-blog-extravaganza.jsp (May 29, 2014, 13:26 CDT).

Second, in support of their argument, Defendants cite a federal statute pertaining to multiple pending actions before the PTAB. Def.'s Reply Br. at 2. This statute has no effect on their arguments before this Court as it only applies to other pending PTAB actions, not other pending civil actions; this statute would allow the Director to control how other AIA reviews may proceed *before the PTAB*. *See* 35 U.S.C. § 315(d). There is no applicability here of this statute as it relates to this Court's actions regarding a motion to stay, since it only pertains to the actions of the Director and not any court. *See id.*

Finally, the PTO granted institution of the IPR with respect to two references. *See Decision for Institution of Inter Partes Review* at 26. Defendants' final joint invalidity contentions contained nine references (*see* Defendants' Election of Asserted Prior Art), and only the Compton/CNN reference is considered by both proceedings. The IPR proceedings commenced a mere six weeks ago and no claims have been rejected, cancelled, or amended. In fact, three of the five references asserted in the IPR petition have already been denied, casting doubt on any certainty of finding the claims invalid. *See Decision for Institution of Inter Partes Review*, Case No. IPR 2014-00070 at 26. This Court has repeatedly emphasized, "the uncertain outcome of the reexamination proceedings often weighs against granting a stay." *Adrain*, 2012 WL 966200 at *2 (citations omitted). For the above reasons, the third factor weighs in favor of denying a stay.

## Conclusion

For the reasons stated above and in Plaintiff's Opposition Brief, Plaintiff Personal Audio respectfully requests that the Court deny Defendants' Motion to Stay this litigation and continue pursuant to the Docket Control Order issued by the Court.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated:  June 2, 2014            By:  */s/ Papool S. Chaudhari*
_____

Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
(646) 571-2001 Fax
jpitcock@pitcocklawgroup.com


T. John Ward
State Bar No. 20848000
T. John Ward, Jr.
State Bar No. 00794818
Claire A. Henry
State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: tjw@wsfirm.com
E-mail: jw@wsfirm.com
E-mail: claire@wsfirm.com

Papool S. Chaudhari
Texas State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150

       Fax: (214) 705-3775
       Papool@ChaudhariLaw.com

BURNS & LEVINSON LLP
Howard J. Susser (pro hac vice)
*hsusser@burnslev.com*
Stephen Y. Chow (pro hac vice)
*schow@burnslev.com*
Merton E. Thompson, IV (pro hac vice)
*mthompson@burnslev.com*
Zachary R. Gates (pro hac vice)
*zgates@burnslev.com*
125 Summer Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

**ATTORNEYS FOR PLAINTIFF**
**PERSONAL AUDIO, LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 2nd day of June, 2014.

       */s/ Papool S. Chaudhari*

       ―――――――――――
       Papool S. Chaudhari