IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | ) Civil Action No. 2:13-cv-00013-JRG-RSP ) <u>LEAD CASE</u> ) |
| TOGI ENTERTAINMENT, INC., *et al.,* | ) ) |
|     *Defendants.* | ) JURY TRIAL DEMANDED ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT AND TO EXCLUDE TESTIMONY OF DR. ADAM PORTER REGARDING INVALIDITY**

Defendants NBCUniversal Media, LLC; CBS Corporation; Fox Broadcasting Company; Fox Networks Group, Inc. and Lotzi Digital, Inc. (collectively "Defendants") submit this opposition to Plaintiff's motion seeking to strike portions of the Expert Report of Dr. Adam A. Porter, and to exclude testimony from Dr. Porter, regarding the invalidity of U.S. Patent No. 8,112,504 ("the '504 patent").

**I.     Introduction**

Plaintiff Personal Audio, LLC ("Personal Audio") asks this Court to limit Dr. Porter's expert testimony at trial and, in particular, to bar Dr. Porter from testifying as to the obviousness of the asserted claims of the '504 patent. Personal Audio advances multiple arguments in its efforts to prevent Defendants from being able to present their invalidity case to the jury in full. As set forth herein, these arguments are not supported by the law or facts and Personal Audio's motion to strike should be denied in its entirety.

1

First, Personal Audio argues that Dr. Porter's expert report is contrary to this Court's May 20, 2014 Order (the terms of which were negotiated and agreed to by the parties) requiring Personal Audio to limit the patent claims asserted and Defendants to limit the asserted references forming the basis for their invalidity claims. *See* Dkt. 156 ("May 20 Order"). Not so. Dr. Porter's expert report conforms entirely to the requirements of that order and relies on the nine elected references as the bases for his invalidity opinions as required by the May 20 Order. Personal Audio does not dispute that Dr. Porter's invalidity opinions are based on the nine elected references, but contends that the May 20 Order prohibits Dr. Porter from even discussing anything other than those nine references in his testimony, under the theory that any mention of the background of the technology is simply an invalidity argument in disguise. PA Br. at 6. The May 20 Order (which is of the form that has been adopted as a Model Order in this District) does not bar Defendants' expert from describing to the jury the knowledge of persons of ordinary skill in the art at the relevant time period or from providing context for the discussion of the elected references. Nor does Personal Audio point to any case in which orders, such as the May 20 Order, have been interpreted to so limit the scope of expert testimony. Moreover, as set forth below, Personal Audio fails to address at all the fact that Dr. Porter's report also includes opinions supporting his anticipated testimony concerning secondary indicia of simultaneous invention. Because the portions of the report that Personal Audio seeks to strike are directly relevant to the simultaneous invention issue, Dr. Porter's testimony would be admissible on that independent basis as well.

Second, Personal Audio contends that the May 20 Order also prevents Defendants from arguing that the six elected references that it contends anticipate the asserted claims of the '504 patent render those claims obvious as well. The May 20 Order requires that Defendants identify

2

the references on which they will rely (and to the extent that they rely on combinations of references to establish obviousness that each combination constitutes a reference). Dkt. 156 at 2. Nothing in that Order requires that a single reference be counted twice if it is asserted to both anticipate and render obvious the asserted claims. *Id.* Therefore, Personal Audio's efforts to prevent Dr. Porter from testifying as to the obviousness of the asserted claims in light of those six references should be denied.

Third, Personal Audio argues that Dr. Porter's obviousness analysis fails to meet the reliability standards of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). Personal Audio does not criticize the technical analysis performed by Dr. Porter and certainly does not assert that he is unqualified to present his testimony. Instead, Personal Audio asserts only that, in its view, Dr. Porter's report does not present his obviousness analysis correctly. For example, Personal Audio asserts that Dr. Porter's obviousness analysis is incorrect because he does not identify an element of the asserted claims that is missing from the prior art references (which of course he could not do given his opinion that the references anticipate the asserted claims). PA Br. at 8. Personal Audio also criticizes Dr. Porter's analysis in general terms as being "vague." PA Br. at 8. Such generalized criticism of the way in which the expert has presented his opinions does not present a basis for excluding the expert's testimony for a lack of reliability under *Daubert*.

Fourth, Personal Audio asks that Dr. Porter be prevented from testifying that the prior art cited in his expert report is more relevant than prior art cited in the prosecution history of the '504 patent, on the theory that it does not believe that Dr. Porter has adequately compared the two sets of prior art. There is no dispute that none of the elected references was before the Patent Office during prosecution of the '504 patent. Dr. Porter is certainly entitled to testify as to that

fact and his opinion that the asserted references are more relevant than those considered during initial prosecution of the '504 Patent. Personal Audio's complaint goes to the weight of the testimony. At trial, Personal Audio may cross-examine Dr. Porter on the analytical basis for his opinions on this point and the jury can decide whether to credit Dr. Porter's testimony or not.

Because Personal Audio fails to establish any grounds for so limiting Dr. Porter's testimony, this motion should be denied in its entirety.

## II.     Applicable Law

Rule 702 provides that an expert witness may provide opinion testimony if "(a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." District courts are tasked with determining when requested whether the requirements of Rule 702 are met by proposed expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1993).

As this Court has recently recognized, "in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead the Court's role is limited to that of gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate to the jury's consideration." *Beneficial Innovations, Inc. v. Advance Publications, Inc.*, 11-cv-229-JRG-RSP, at *2 (E.D. Tex. July 9, 2014) (*citing Micro Chem, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003)) (attached hereto as Exhibit ("Ex.") E).

## III.    Dr. Porter's Expert Report Properly Cites Materials other than Elected Invalidity References.

4

Pursuant to the May 20 Order, Defendants provided a final election of prior art references on which it would rely at trial as invalidating references or as part of an obviousness combination with another reference on June 10, 2014. In their final election, Defendants identified nine references (six references that support invalidity and obviousness on their own, and three additional obviousness combinations). *See* PA Br., Ex. B. Personal Audio argues that this final election of references not only limits the invalidity theories that can be argued to the jury at trial, but also bars Dr. Porter from referring to, or mentioning, anything in the art besides those elected references for any other purpose. PA Br. at 6-7. For example, Personal Audio objects to Dr. Porter including citations in his report for his description of the types of early Internet technologies as a prelude to the discussion of the development of delivery of audio and video files over the Internet. *See, e.g.*, PA Br., Ex. A (citing paragraphs of Porter report citing references as to the history of the development of audio and video before it was delivered over the Internet through websites).

Personal Audio's view of the preclusive impact of the May 20 Order is not supported by the text of the Order itself. Nothing in the language of the May 20 Order suggests that it bars an expert from providing context for the jury by referencing materials that demonstrate the general state of the art prior to the claimed invention. The purpose of the May 20 Order is to require that the parties identify (1) the claims being asserted and (2) the prior art references that are alleged to invalidate those asserted claims. *See* Dkt. 156. Personal Audio has not identified what language in the May 20 Order it believes restricts Dr. Porter's testimony as to the background or history of the technology related to the claimed invention.

Nor does Personal Audio point to any case law that supports its reading of the Model Order. The sole case cited by Personal Audio stands only for the basic principle that a party may

5

not argue an invalidity theory that has not been properly disclosed in invalidity contentions. *See Anascape, Ltd. v. Microsoft Corp.*, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008). As a practical matter, the background and development in the claimed technology is an area that an expert needs to discuss in order to put any invalidity references into context. Personal Audio's assertion that Dr. Porter's discussion of these references is "an invalidity argument in disguise" is unavailing. *See* PA Br. at 6. Dr. Porter's testimony will be consistent with his expert report and address his invalidity arguments to those that consistent with the election of prior art.

Moreover, Personal Audio ignores the fact that Dr. Porter's identification of additional materials in the field also supports his opinions concerning secondary indicia of simultaneous invention. *See* PA Br., Ex. C (Porter Rep.) at ¶¶ 272-288. For example, Personal Audio objects to the portion of Dr. Porter's expert report in which he generally describes the fact that various websites had adopted the use of Real Audio files on their websites, citing the Canadian Broadcasting Company's use of Real Audio on its website as an example. *See* PA Br. at 6. To establish the secondary indicia of simultaneous invention, the Defendants must show "near simultaneous invention by two or more equally talented inventors working independently." *Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000). Therefore, Dr. Porter's expert testimony as to the development of the art—including discussion of websites that began incorporating audio and video files into their website offerings both before and immediately after the claimed invention date—is relevant and admissible for that independent reason. Dr. Porter's report describes the rapid adoption of the Internet Talk Radio technology for use on websites to distribute audio episodes and the rapid uptake of Real Audio technology upon its introduction. *See, e.g.,* PA Br., Ex. C (Porter Rep.) at ¶¶ 47, 55. That

testimony, including the references that support it, is directly relevant to the secondary indicia that Dr. Porter has identified and will testify about at trial. *See id.* at ¶¶ 287-88.

### IV. Dr. Porter's Expert Report Properly Presents Obviousness Opinions Concerning the Elected References that Also Anticipate the Asserted Claims

Personal Audio asserts that it is improper for Dr. Porter to opine, as he does in Paragraphs 222-53 of his report and the materials incorporated therein by reference, that the asserted claims of the '504 patent are obvious over the six anticipatory references in light of the knowledge of the person of ordinary skill in the art. PA Br. at 7. In the paragraphs to which Personal Audio cites, Dr. Porter explains his view that the asserted claims of the '504 patent are obvious over the very same six references that he asserts anticipate those claims. *See* PA Br., Ex. C (Porter Rep.) at ¶¶ 221-253. The law is clear that patent claims may be found obvious over a single reference in light of the knowledge of the person of ordinary skill in the art. *See, e.g., Tokyo Keiso Co., Ltd. v. SMC Corp.*, 307 Fed. Appx. 446, 453 (Fed. Cir. 2009) ("[A] court need not rely on separate references to reach a conclusion that the subject matter of asserted claims would have been obvious based on the plain disclosure of a single reference."). As set forth in Dr. Porter's report, he opines that each of the six identified anticipatory references would also render the asserted claims obvious, without the need for combination with other references. *See* PA Br., Ex. C (Porter Rep.) at ¶¶ 221-253. Dr. Porter's analysis does not "create dozens and implies hundreds" of invalidity arguments as Personal Audio contends, *see* PA Br. at 7, but simply follows the well-recognized approach of stating his opinion that the elements of the asserted claims would be obvious to a person of skill in the art in light of the six elected references without need to combine those references with any other references. PA Br., Ex. C (Porter Rep.) at ¶¶ 222 ("[I]t is my opinion that claims 31-34 of the '504 patent would have been obvious

based on each anticipation reference alone based on the knowledge of one of ordinary skill in the art and common sense.").

Although this point is not plainly stated in the briefing, Personal Audio seems to argue that the May 20 Order requires that a reference be counted <u>twice</u> if it is going to be used as the basis for both anticipation and obviousness arguments for invalidity. PA Br. at 7. Once again, there is nothing in the May 20 Order's language that supports the conclusion that a single elected reference cannot be used as both a basis for anticipation and obviousness invalidity opinions. Indeed, the language of the May 20 Order suggests the opposite because it provides that combinations of references used for obviousness do count as a reference. (Dkt. 156). Personal Audio cites no cases supporting its proposed approach to the election of references (and Defendants would have never agreed to the form of the May 20 Order with a nine reference limit had they believed that each reference would need to be counted twice as Personal Audio now contends).

Because Dr. Porter's report uses only nine elected references (six individual references and three combinations) as required by the May 20 Order to support his invalidity opinions, there is no basis for striking any portions of his testimony and Personal Audio's motion on this point should be denied.[1]

## V.    Dr. Porter's Obviousness Opinions on the Elected Combinations are Proper

In his detailed expert report, Dr. Porter provides extensive information and description of the bases for his obviousness opinions, including the obviousness of the claimed invention over the prior art. Personal Audio asks that Dr. Porter's obviousness opinions with respect to the three elected combinations be stricken, but fails to cite a single case in which expert testimony

---

[1] Personal Audio's requested relief is also not appropriate here. Even under Personal Audio's completely incorrect interpretation of the meaning and impact of the May 20 Order, there is no basis for saying that it is the single reference obviousness arguments that run afoul of that Order and should be struck.

has been stricken on the grounds that it asserts. Indeed, Personal Audio criticizes Dr. Porter's use of the terms "common sense" "conventional" and "routine skill" in his obviousness analysis, while ignoring the fact that *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) specifically describes those very factors as those that could, and should, be considered in an obviousness analysis. *See, e.g., id.* at 421 (claim may be "the product not of innovation but of ordinary skill and common sense."). Moreover, Personal Audio's assertion that Dr. Porter "fails to describe how someone with the level of ordinary skill in the field of the invention would make an obviousness combination" ignores Dr. Porter's discussion of the motivation for all of the combinations. *See, e.g.,* PA Br., Ex. C (Porter Rep.) at ¶¶ 259-262, 266, 269-70.

Personal Audio also incorrectly asserts that Dr. Porter "makes no mention of" the level of ordinary skill in the art when discussing the obviousness combinations. PA Br. at 8. Dr. Porter's discussion of the obviousness of the combinations refers to the obviousness of the claimed invention and the motivation to combine those references from the perspective of the person of ordinary skill in the art. *See, e.g.,* PA Br., Ex. C at ¶¶ 256, 263, 267. Moreover, his report discusses the appropriate level of skill of the person of ordinary skill in the art. *Id.* at ¶ 30. Thus, Dr. Porter's analysis does address the appropriate level of skill in the art.

Personal Audio also criticizes Dr. Porter's report on the grounds that he failed to identify limitations of the claims that were missing from the asserted references. As an initial matter, Personal Audio cites no case stating that the obviousness analysis must be presented in this precise way that Personal Audio asserts. As set forth in exhaustive detail in his 125-page report, Dr. Porter's opinion is that there are six anticipatory references and his obviousness combinations are all combinations from among those six references. *See* PA Br., Ex. C, ¶¶ 60-121. Dr. Porter therefore has expressed the view that those references contain all of the

9

limitations and none are missing. *Id.* at ¶¶ 60-97. When Dr. Porter prepared and submitted his report he did not have the benefit of knowing what limitations of the claimed invention Personal Audio would contend are missing from these pieces of prior art because Personal Audio had not yet served its expert report on validity. Personal Audio apparently asserts the position—unsupported by any case law—that if an expert testifies that no elements of a claim are missing in his anticipation analysis, he cannot testify as to obviousness combinations including that reference because then "there should not be any reason to combine" that reference with another reference. PA Br. at 9. Dr. Porter's opinion that the elected prior art references disclose each and every element of the asserted claims, but that if Personal Audio contends otherwise, that the allegedly missing elements would have been obvious is perfectly proper. *See, e.g., Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) ("Though it is never necessary to so hold, a disclosure that anticipates under § 102 also renders the claim invalid under § 103, for 'anticipation is the epitome of obviousness.'") (quoting *In re Fracalossi*, 681 F.2d 792, 794 (CCPA 1982)).

  Personal Audio's other criticism of Dr. Porter's obviousness analysis is simply that it is "vague." Personal Audio's argument is based on ignoring the content of Dr. Porter's report. For example, Personal Audio quotes one sentence of Paragraph 256 of Dr. Porter's report and suggests that Dr. Porter fails to explain why and how the references discussed in that paragraph would be combined. Personal Audio completely ignores the discussion of the specific motivation to combine those two references set forth in Paragraphs 259-62 of Dr. Porter's report.

  Taken as a whole, Personal Audio's criticisms at most go to the weight of Dr. Porter's proffered testimony. Such criticisms are the purview of testing at trial through cross-examination, not a basis for determining that the testimony is inadmissible. *See, e.g., Mathis v.*

*Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (quoting *Daubert*, 509 U.S. at 596).

### VI. Dr. Porter Can Properly Testify as to the Relevance of the Prior Art on which He Relies

Personal Audio mischaracterizes Dr. Porter's testimony with respect to the prior art on which Dr. Porter relies for his invalidity opinions and the prior art that was before the Patent Office during the prosecution of the '504 patent. Dr. Porter testified that he examined the prior art that was the subject of the examiner's rejections and otherwise the focus of the '504 patent's prosecution. *See* PA Br., Ex. D (Porter Dep. Tr.) at 46:19-47:4. Personal Audio is certainly free to criticize Dr. Porter's testimony and cross-examine him as to whether he had performed an exhaustive comparison of every piece of prior art cited in the '504 patent prosecution history before reaching his conclusion that the prior art on which he relies is more relevant than what was addressed during patent prosecution. *See* PA Br. at 9 (citing Porter Dep. (Ex. D) at 43:19-49:4). Once again, this argument, however flawed, goes to the weight of Dr. Porter's testimony and not its admissibility.

### VII. Conclusion

For the reasons stated above, Defendants respectfully request that the Court deny Personal Audio's motion.

Dated: June 16, 2014                    Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, PC
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rfem.com
Brian Rosenbloom
brosenbloom@rfem.com
Sharon Davis
sdavis@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th St., N.W., Ste. 800
Washington, D.C.  20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendants*
*CBS Corporation, NBCUniversal Media, LLC, Fox Broadcasting Company and Fox Networks Group, Inc.*

*/s/ John M. Jackson*
*(with permission by Jennifer P. Ainsworth)*
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

David Folsom
Texas State Bar No. 07210800
JACKSON WALKER L.L.P.
6002-B Summerfeld Dr.
Texarkana, Texas 75503
Telephone: (903) 255-3251
Facsimile: (903) 255-3266
dfolsom@jw.com

*Attorneys for Defendant Lotzi Digital, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 16th day of July, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth