**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| _____ ) | |
| PERSONAL AUDIO, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-00013-JRG-RSP |
| ) | |
| TOGI ENTERTAINMENT, INC., et al. ) | LEAD CASE |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO PORTIONS OF THE**
**MAGISTRATE JUDGE'S CLAIM CONSTRUCTION MEMORANDUM AND ORDER**

Defendants Lotzi Digital, Inc.; NBCUniversal Media, LLC; CBS Corporation; Fox Networks Group, Inc. and Fox Broadcasting Company (collectively "Defendants"), jointly submit this Response to Plaintiff's Objection to Portions of the Magistrate Judge's Claim Construction Memorandum and Order.  For the reasons stated below, Defendants respectfully contend that this Court should not reverse Magistrate Judge Payne's conclusions.

## ARGUMENT

Following three rounds of detailed briefing and a *Markman* hearing, on June 19, 2014 Magistrate Judge Payne issued a 35-page Claim Construction Memorandum and Order ("Order") addressing the parties' respective arguments and, ultimately, construing the disputed claims of U.S. Patent No. 8,112,504 ("the '504 patent").  (Dkt. 182).  Plaintiff Personal Audio, LLC ("Personal Audio") now contends that the constructions of two of the terms—"compilation file" and "employing one of said one or more communication interfaces to"—are "clearly erroneous or contrary to law."  *See* Fed. R. Civ. Pro. 72.  Personal Audio's arguments, already addressed by Judge Payne's memorandum opinion, are without merit.

## I.     "COMPILATION FILE"

Relying on the language of the claim itself "as noted in *Philips*," Judge Payne construed "compilation file" to mean "a data file containing episode attribute data," rejecting Personal Audio's argument that the term requires that the compilation file be assembled by a "processor."  Order at 29.  Judge Payne considered Personal Audio's arguments, which are rehashed in its current Objection, but concluded that Personal Audio was attempting to improperly "read in an additional limitation as to how/where the compilation file is assembled as opposed to what a compilation file is."  Order at 28.

Personal Audio reasserts its argument that a "compilation file" includes the additional limitation (not found in the claim) that the compilation file must be "assembled by a processor."

1

But the claim language itself does not support this view. Claim 31 (the only independent claim at issue) contains no language directed to the assembly of the compilation file, let alone any language dictating that a processor must assemble the compilation file. With respect to the operations that are required by the processors, claim 31 explicitly recites: (1) "storing one or more media files"; (2) "storing an updated version of a compilation file"; and (3) "employing one of said one or more communication interfaces." Claim 31. Personal Audio is partly correct, in that a "compilation file" is a file that "is compiled," *Markman* Tr. at 70 (Exhibit A), but there is nothing in the language of the claim that requires (let alone suggests) that the processor must also assemble the compilation file. As Judge Payne correctly noted, Personal Audio is "proposing . . . to add something that the language didn't but could have added to the claim." *Markman* Tr. at 68.

Nor does the specification define the term "compilation file" as one that is assembled by a processor. Personal Audio again refers to two passages in the specification in support of its argument, *see* PA Obj. at 2 (Dkt. 199) and PA Opening Br. at 15 (Dkt. 80), but of these two passages only the first states that the compilation file is created by processor (*i.e.*, "the server"). The second passage simply describes that the file is "written" (*i.e.*, stored) by the server in a particular location; it does not state (or even imply) that the server assembles the file. Thus, out of the entire forty-five (45) column specification, Personal Audio can find only one sentence describing an embodiment where a compilation file is assembled by a processor. As discussed in Defendants' responsive *Markman* brief, reading that statement in the context of the specification (indeed, even just reading the parts of the sentence that Personal Audio excised from its quotation) demonstrates that it cannot support reading into the claim the requirement that the processor assemble the file. Def's Br. at 22-23 (Dkt. 86). The quote relied on by Personal Audio

arises in the context of the description of a preferred embodiment in which the server compiles a compilation file "[b]ased on the information supplied by the user." That embodiment is not all embodiments described in the specification and is not the embodiment described in Claim 31, which does not include basing the compilation file on user-specific information. *See* Claim 31; Def's Br. at 23. As Judge Payne recognized, those portions of the specification actually focus on "what a compilation file is as opposed to what assembles the file." Order at 28; *see also* Def's Br. at 22-23 (Dkt. 86).

Finally, Personal Audio again, as it first did in its claim construction reply brief, misconstrues the prosecution history as supportive of its position. Judge Payne, though, correctly observed that the full passage Personal Audio cites focuses on *the fact* the compilation file "is updated/downloaded," not on "how/where the file is assembled." Order at 28-29; *see also Markman* Tr. at 75-76.

With respect to this term, Judge Payne took "seriously the Federal Circuit's command to start first and focus on the claim language." *Markman* Tr. at 68. Personal Audio offers no basis for concluding that Judge Payne's construction is "clearly erroneous or contrary to law" and therefore Personal Audio's objection should be denied. Fed. R. Civ. Pro. 72.

## II. "EMPLOYING ONE OF SAID ONE OR MORE COMMUNICATION INTERFACES TO"

As requested by Personal Audio, Judge Payne determined that the phrase "employing one of said one or more communication interfaces" required no construction. Order at 33. The phrase, in context, reads as:

> **employing one of said one or more** communication interfaces to:
> (a) receive a request from a requesting client device for the updated version of said compilation file located at said predetermined URL;
> (b) download said updated version of said compilation file to said requesting client device; **and**

(c) thereafter receive and respond to a request from said requesting client device for one or more media files identified by one or more corresponding episode URLs included in the attribute data contained in said updated version of said compilation files.

Claim 31 (emphasis added).  The text of the claim being clear, Judge Payne noted that the "claim language itself establishes that the claim requires one interface for performing functions (a), (b), and (c)."  Order at 32.  Personal Audio's contention that Judge Payne's conclusion that a single communication interface perform steps (a), (b), and (c) is "clearly erroneous or contrary to law" is without merit.

Contrary to the plain language of the claim, Personal Audio contends that employing "one of said one or more" means only "one or more."  This construction would destroy the plain meaning of and render superfluous the "one of said" limitation in the claim; as such, it must fail.  *See Merck & Co., Inc. v. Teva Pharms. USA, Inc.,* 395 F.3d 1364, 1372 (Fed.Cir.2005) ("A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so."); *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1362 (Fed. Cir. 2007) (construction that renders claim language superfluous usually incorrect).  Moreover, if "one" means the same thing as "one or more," as Personal Audio contends, then it would have been wholly unnecessary for Personal Audio to use the phrase "one or more" <u>fourteen</u> times in claim 31 alone.

Judge Payne correctly recognized that Personal Audio's construction "is in direct contradiction of the explicit claim language."  Order at 32.  Moreover, Personal Audio's construction is without any intrinsic support.  Personal Audio conceded, as it must, that the specification failed to define the term contrary to the clear language of the claim.  *Markman* Tr. at 81.

4

Nonetheless, Personal Audio contends that the Court's interpretation is in error because the patentee was "clearly not trying to limit the claimed apparatus to use of a 'single one' of the claim interfaces for any discrete function at all times."  Objection at 5. Aside from the obvious problem of determining why the patentee intended one meaning yet wrote another without any evidence to support that alleged intention, the Court's construction makes logical sense.  First, as the Court noted in agreement with Personal Audio, other "communications interfaces" could also perform the functions of (a), (b), and (c).   Order at 32-33.   Second, the claimed apparatus may contain other communication interfaces not employed to perform the claimed functions, or it may contain only the single communication interface used to perform the claimed functionality (hence giving meaning to the "one or more" claim limitation).

Ultimately, Judge Payne's construction of this term is consistent with the clear language of the claim.   Personal Audio's construction would render claim language superfluous.   Plainly, this construction is not "clearly erroneous or contrary to law." Therefore this Court should deny Personal Audio's objection.


Dated:  July 21, 2014.                              Respectfully submitted,

                                                    */s/ Steven Lieberman*
                                                    *(with permission by Jennifer P. Ainsworth)*
                                                    Steven Lieberman
                                                    slieberman@rfem.com
                                                    Brian Rosenbloom
                                                    brosenbloom@rfem.com
                                                    Sharon Davis
                                                    sdavis@rfem.com
                                                    ROTHWELL, FIGG, ERNST & MANBECK, PC
                                                    607 14th St., N.W., Ste. 800
                                                    Washington, D.C.  20005
                                                    (202) 783-6040 (telephone)
                                                    (202) 783-6031 (facsimile)

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, PC
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5092 (telephone)
(703) 509-5092 (facsimile)

*Attorneys for Defendants*
*CBS Corporation, NBCUniversal Media, LLC, Fox*
*Broadcasting Company and Fox Networks Group, Inc.*

*/s/ John M. Jackson*
*(with permission by Jennifer P. Ainsworth)*
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

David Folsom
Texas State Bar No. 07210800
JACKSON WALKER L.L.P.
6002-B Summerfeld Dr.
Texarkana, Texas 75503
Telephone: (903) 255-3251
Facsimile: (903) 255-3266
dfolsom@jw.com

*Attorneys for Defendant Lotzi Digital, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 21st day of July, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth
