IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | **Civil Action No. 2:13-cv-00013-JRG-RSP** |
| v. | **Lead Case** |
| **TOGI ENTERTAINMENT, INC. et al** | **JURY TRIAL DEMANDED** |
| Defendants | |

**PLAINTIFF PERSONAL AUDIO'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT AND TO EXCLUDE TESTIMONY OF DR. ADAM PORTER REGARDING INVALIDITY**

A. **Allowing Unelected References Will Prejudice the Jury**

Defendants argue that the inclusion of unelected references are only a "prelude to the discussion" regarding the background of the art. Def.'s Resp. at 5. For example, Dr. Porter's report cites to the CBC Radio News reference as delivering content using Real Audio Files. Motion at 6.

Defendants should be precluded from using an unelected reference as background art. *See PACT XPP Tech. v. Xilinx, Inc.*, No. 2:07-cv-563-RSP, 2013 WL 4574267, at *2 (E.D. Tex. Aug. 27. 2013) (Payne, J.) (concluding that Defendants "failed to show good cause" to justify a new trial with the inclusion of a prior art reference struck from testimony during trial which Defendants in that case represented to this Court would be used only as "background art"). To allow an unelected reference as "background art" would have the unintended consequence of confusing the jury. This Court "in a jury trial setting . . . [acts as a] gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and *relevant* to the issue before the jury that it is *appropriate* to the jury's consideration." *Beneficial Innovations, Inc. v. Advance Publications, Inc.*, No. 11-cv-00229-JRG-RSP, at *2 (E.D. Tex. July 9, 2014) (emphasis added). Per the Court Order, which was negotiated by the Plaintiff and Defendants and agreed upon months ago (Dkt. # 49), any reference not included in this list of nine references is not permitted to be raised to the trier of fact for determinations of invalidity. *See* Dkt. #156. As this Court has recognized, it is essential for Defendants to "demonstrate to the Court that the probative value of the [references] are not substantially outweighed by the danger of the jury using the [references] for an improper purpose." *Xilinx*, 2013 WL 4574267, at *2. Allowing Dr. Porter to reference these unelected materials prejudices Personal Audio simply because there is a high possibility that the jury will improperly and unintentionally consider these references for purposes of determining invalidity. *See Xilinx*, 2013 WL 4574267, at *2 (finding Defendants' use of an additional, unelected reference, represented to be used "as background art . . . for other purposes, such as evidence [of the party's]

history of innovation . . . or as evidence . . . regarding secondary considerations" was "simply proven [to be] too confusing to the jury.").

Defendants also represent that Dr. Porter, "on an independent basis," intends to use these references to speak about the "secondary indicia of simultaneous invention," and, thus, is entitled to use these references. Dkt. #204. Dr. Porter's report does not explain how any of the unelected references are directed to the same apparatus disclosed in the asserted claims. Indeed, his description of these references in his report states nothing specifically about, for example, the critical claim limitation "from time to time, as new episodes represented in said series of episodes become available, storing an updated version of a compilation file in one of said one or more data storage servers at a storage location identified by a predetermined URL." *See* Motion at Exhibit C, ¶¶ 287-88. In order to be relevant to a claim of simultaneous invention, the references (while not prior art) must teach the *same* invention, not selected bits and pieces. *See, e.g., Monarch Knitting Machinery Corp. v. Sulzer Morat Gmbh*, 139 F.3d 877, 883-84 (Fed. Cir. 1998) (independently and concurrently designed needles **that meet the requirements of a patent claim** are relevant to obviousness as a secondary consideration) (emphasis added).

Dr. Porter's report does not explain how any of these references teach the invention in question—none of them are shown to be identical to the asserted claims of the patent. Thus, they cannot be used for teaching simultaneous invention, but rather are clearly being used by the Defendants to circumvent their agreement and the Court's Order to limit the number of invalidity references to be used at trial, as well as confuse the jury. Dr. Porter's report is very explicit that he intends to claim that these references are prior art. *See* Motion at Exhibit C, ¶ 277 (Dr. Porter claiming that the references at issue were in public use before the conception date of the patent, thus attempting to qualify them as prior art).

The Federal Circuit has stated that, "the possibility of near simultaneous invention by two or more equally talented inventors working independently,… *may or may not* be an indication of obviousness when considered in light of all the circumstances." *Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000) (emphasis added). However, the Defendants have not explained how any of the additional references teach the same invention as the claims of the patent-in-suit, much less how this supposed "simultaneous invention" supports an argument that the claims are obvious "in light of all the circumstances." Moreover, Defendants nowhere argue that any of these references do not count as prior art, but rather are clearly trying to add a multitude of references beyond the agreed-upon and Court-ordered limit. Finally, none of the necessary analysis on simultaneous invention or its application to the circumstances of this case is contained in Dr. Porter's report, and he should not be permitted to introduce testimony on these points at trial for that reason as well.

**B.    Dr. Porter's Does Not Adequately Describe How the Prior Art References Render the Claims Invalid**

Patents are presumed to be valid and invalidity must be proven by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (2011). To meet this burden, there has to be sufficient detail as to <u>why</u> it is obvious to combine two references. It is not enough to simply state that anything not taught by one reference is taught by another. The fact that two references are websites is not a motivation to combine. It would, thus, be improper to allow Dr. Porter to testify on the opinion found in paragraphs 222-53 of his report, as there is no support that could possibly meet Defendants' heavy burden in proving that the asserted claims are invalid.

Dr. Porter's methodologies are void of any articulated reason regarding missing limitations in a reference. Dr. Porter does not even purport to identify what element is missing in one

4

reference, much less where that element is found in another reference and why one of ordinary skill in the art would find it obvious to combine the references in the claimed manner.

As stated in Plaintiff's earlier Motion, Dr. Porter's report is conclusory, offering buzz words such as "common sense," "conventional," "routine skill," and the like but fails to *explicitly* give any evidence as to why these words apply to these references. *See* Motion at Exhibit C, ¶¶ 222-253. Personal Audio does not "ignore the fact," as Defendants assert, that *KSR* describes these words as relevant to the inquiry of an obviousness analysis. *See KSR*, 550 U.S. at 421. Personal Audio mainly asserts that these words, taken alone, do not substantiate a valid obviousness argument. *See* Motion at 8. "[Obviousness] analysis should be made explicit." *InTouch Technologies, Inc. v. VGO Comm., Inc.*, 751 F.3d 1327 (Fed. Cir. 2014) (quoting *KSR*, 550 U.S. at 418). Dr. Porter's analysis is not explicit, as it does not provide "articulated reasoning with some rational underpinning" as to make the asserted combinations. *Id. See* Motion at Exhibit C, ¶¶ 222-253.

Defendants assert that "Dr. Porter's opinion that the elected prior art references disclose each and every element of the asserted claims, but if Personal Audio contends otherwise, that the allegedly missing elements would have been obvious is perfectly proper." Dkt. #204 (citing *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (". . . [A] disclosure under § 102 also renders the claim invalid under § 103 . . . ."). Undoubtedly, a *single* reference that anticipates a claim and thus "disclose[s] every element of the claimed invention, either expressly or inherently" (see *Thomson Licensing SAS v. I.T.C.*, 527 Fed. Appx. 884, 888 (Fed. Cir. 2013)) would also render the same claim obvious.

What is germane, however, is what happens if Defendants fail to prove an element of the claims is taught by one of the alleged prior art references. Defendants do not explain what might

5

be missing, nor why it would be obvious to supply what is missing from another reference. Defendants do not supply a motivation for supplying the missing element from one reference with the teaching of another. Moreover, there is no reason to limit Defendants' methodology, if proper, to only two references. A Defendant could simply list three (or more) references and simply state that if any element is missing from one, it can be filled in by the rest.

Just because Defendants raise an anticipation argument does not give them *carte blanche* under the Court's Order to add any number of obviousness arguments that they wish. Such a determination would render the Model Order limiting asserted claims and prior art references moot, particularly with respect to the specific requirement that each obviousness combination argument be counted separately towards the limit.[1] *See* Dkt. #156.

C. **Dr. Porter Did Not Adequately Compare the Prior Art Relied Upon in His Report**

Dr. Porter admits he did not compare the prior art in his report to the prior art cited in the patent. *See* Motion at Exhibit D at 43:19-49:4. Therefore, as "gatekeeper" and as discussed in the Motion, this Court should reject any testimony having to do with that topic. *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S 579, 591 (1993).

Consistently throughout this litigation, Defendants have engaged in "litigation by ambush" with regards to invalidity. Defendants do not want Plaintiff to know what they will argue at trial until the trial. This, however, is a clear violation of the law and local rules. In light of the foregoing, Plaintiff respectfully requests the Court strike these portions of Dr. Porter's report and testimony.

---

[1] Defendants claim that Plaintiff argues that Defendants violate the May 20 order by "double counting" individual references for anticipation and obviousness. *See* Defs. Resp. at 3, 7-8. While Plaintiff did not raise this argument, it is nonetheless valid, since each invalidity argument should count as a single one of the elected references. However, even if the Defendants were allowed to assert both anticipation and obviousness with respect to a single reference, Defendants did not make this argument in the election. Moreover, even if Defendants had raised this argument, then they still would have been required to specifically point out their obviousness argument. Defendants have not done so, much less provided a motivation to combine or alter any of the anticipated references, which is specifically required by the Order. *See* Dkt. #156.

Dated: July 30, 2014        Respectfully Submitted,

**PERSONAL AUDIO, LLC**

By: */s/ Papool S. Chaudhari*
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 571-2237
Fax: (646) 571-2001
jpitcock@pitcocklawgroup.com


Papool S. Chaudhari
State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Tel: (214) 702-1150
Fax: (214) 705-3775
papool@chaudharilaw.com

John Lee (admitted to E.D. Texas)
Jennifer L. Ishimoto (admitted *pro hac vice*)
BANIE & ISHIMOTO LLP
1370 Willow Road, 2nd Fl
Menlo Park, CA 94025
(650) 241-2771
(650) 241-2770 (Fax)
jlee@banishlaw.com
ishimoto@banishlaw.com


**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with

Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have

consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 30th day of July 2014.

*/s/ Papool S. Chaudhari*

_____
Papool S. Chaudhari