**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend Infringement Contentions (Dkt. No. 220, the "Motion").

In the Motion, Plaintiff requests leave of court to serve new infringement contentions that target the native mobile applications of CBS, NBC, and FOX. This issue was discussed at length in the context of a hearing on a motion to compel on June 16, 2014. At that hearing, the Court granted the motion to compel to allow discovery as to native mobile apps while withholding judgment as to whether those products would be allowed in the case. The instant Motion is targeted toward the latter question.

In the Motion, Plaintiff states that "[a]t the time [the original] contentions were served, it was difficult to determine if Defendants employed apparatus(es) that infringe with respect to serving content on native mobile applications, such as the applications Defendants make available for iOS and Android platforms." (Mot. at 2.) Plaintiff continues: "it was extremely difficult to determine the details of the infringement of any of the accused apparatuses with discovery from the Defendants, as Defendants intentionally obfuscate aspects of the accused technology." (*Id*.) For that reason, Plaintiff says, it "sought such information in discovery." (*Id*.) But it is not at all clear from the record that Plaintiff *did* seek discovery on native mobile apps in a clear and timely fashion. (*See* Dkt. 179 at 28-52.) Instead, it appears from the record

that the majority – if not the entirety – of Plaintiff's discovery efforts were centered on the accused websites. (*Id.*) In fact, it does not appear that native mobile apps were mentioned at all, and the Plaintiff instead relied on very broad discovery requests. (*Id.*) It is important to note here that the burden was not on Plaintiff alone – it is clear to the Court that if CBS, NBC, and FOX had taken more seriously their obligation to produce all potentially relevant documents, this situation might have been avoided (or at least mitigated). Neither party stands before the Court on this issue with entirely clean hands. But ultimately, the Motion indicates that Plaintiff knew of the native mobile apps at an early date, was unable to serve contentions on the apps due to difficulty determining the details of infringement, and did not pursue those apps until after the infringement contentions had come and gone. Thus, it is difficult for the Court to allow the amendment Plaintiff requests considering the substantial prejudice that would arise from introducing new theories of infringement into the case at this late stage. Accordingly, the Court finds that Plaintiff has failed to show good cause for the substantial relief it requests.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Infringement Contentions (Dkt. No. 220) is **DENIED.**

**SIGNED this 5th day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

2