**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

**ORDER**

Before the Court is Plaintiff's Motion to Strike Invalidity Contentions (Dkt. No. 95, the "Motion").

**APPLICABLE LAW**

Local Patent Rule 3-3 requires a defendant to file invalidity contentions no later than 45 days after service of a plaintiff's infringement contentions. Subpart (b) of P.R. 3-3 requires that the invalidity contentions contain, among other information, "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."

**ANALYSIS**

Plaintiff requests that the Court strike Defendants' invalidity contentions as improperly disclosing obviousness under P.R. 3-3(b). Plaintiff states that Defendants have "simply dump[ed] a list of a vast multitude of references rather than specifically identifying any combination of prior art." (Mot. at 3.) Defendants respond that the Motion should not be well taken because the parties have already reached and acted upon an agreement to reduce the number of prior art references. (*See, e.g.*, Dkt. 109 at 3-5.) But Plaintiff's concern with regard to the Motion appears to be less about the total number of references disclosed, and more about

whether the disclosure in the invalidity contentions is sufficient to provide notice to Plaintiff of Defendants' invalidity theories. Exhibit 6 to Defendant's response brief contains much of the language in question, and the Court makes special note of the following portion:

> As it would be unduly burdensome to create detailed claim charts for the thousands of invalidating combinations, Defendants have provided illustrative examples of such invalidating combinations below. For at least the reasons described above and below in the examples provided as well as in the attached claim charts, it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references, including any combination of those identified herein, to meet the limitations of the asserted claims. **As such, Defendants' inclusion of exemplary combinations does not preclude Defendants from identifying other invalidating combinations as appropriate.**

(Dkt. 109-6 at 32 (emphasis added).) The Court disagrees, and observes that simply providing a small number of "exemplary combinations" does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references.

Each party cites to a number of cases ruling each way on the issue of striking invalidity contentions. The Court observes that these cases are of limited helpfulness due to the fact-specific nature of the sufficiency inquiry presented here. However, it is worth noting that this Court has, in the past, condemned the use of "exemplary combinations" and failure to identify combinations with sufficient specificity. *See, e.g.*, *Saffran v. Johnson and Johnson et al*, 2:07-451 at Dkt. 49 (striking invalidity contentions, and finding that the use of "language purporting to make the contentions merely illustrative" and failure to "specifically identify combinations of references that the defendants anticipate using at trial" constituted "an attempt to end run the rules.")

The Court finds that Defendants have failed to put Plaintiff on notice for the bulk of the thousands of possible combinations that result from the broad language in Defendants' invalidity contentions. Accordingly, the Court holds that striking Defendants' multi-reference obviousness

contentions is appropriate here. In doing so, however, the Court recognizes that Defendants' contentions appear to set forth with more specificity some number of "exemplary combinations" and motivations to combine, and that those individual contentions may pass muster under the Local Patent Rules. Thus, for multi-reference obviousness combinations that are still at issue in the case, the Court may grant Defendants leave to utilize those specific combinations if Defendants are able to identify the portion of their invalidity contentions that served to put Plaintiff on notice as to that theory of obviousness.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Invalidity Contentions (Dkt. No. 95) is **GRANTED IN PART** as to multi-reference obviousness combinations. To the extent it would be otherwise allowable given the expert reports and agreed prior art limitations in this case, Defendants may request leave to use specific obviousness combinations for trial if they are able to point to adequate disclosure of that theory of obviousness in their initial invalidity contentions. That request should be made to Plaintiff no later than August 11, 2014. Thereafter, the parties are strongly urged to conduct a diligent meet and confer on any such request. If Court intervention is necessary, Defendants should make any such request formally to the Court no later than August 15, 2014.

**SIGNED this 5th day of August, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE