**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Portions of the Expert Report of Dr. Adam Porter (Dkt. No. 192, the "Motion").

*I.    Unelected and "Improper" References*

Plaintiff first asks the Court to strike the portions of Dr. Porter's report that refer to prior art references beyond the nine elected by Defendants under the parties' Agreed Order Limiting Asserted Claims and Prior Art References. (Mot. at 6; *see also* Dkt. 156, the "Agreed Order".) Defendants respond that "[n]othing in the language of the [Agreed Order] suggests that it bars an expert from providing context for the jury by referencing materials that demonstrate the general state of the art prior to the claimed invention." (Dkt. 204 at 5.) The relevant language from the Agreed Order is as follows:

> No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than four asserted claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than nine asserted prior art references from among the eighteen prior art references previously identified. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

(Dkt. 156 at 2.) The Court entered the Agreed Order at the request of both Plaintiff and Defendants. Defendants do not appear to contend that Plaintiff has failed to comply with the Agreed Order.

The Court agrees that nothing in the Agreed Order prevents Dr. Porter from generally discussing the background and state of the art at the time the patent was filed. However, to allow Dr. Porter to do so by citing specific references that were not elected under the terms of the Agreed Order essentially nullifies the terms of the Agreed Order. Further, Dr. Porter's citation of specific references that Defendants do not contend are valid bases for a finding of invalidity runs the risk of substantial jury confusion. Accordingly, Dr. Porter will be prohibited from testifying at trial as to specific prior art references that were not elected under the terms of the Agreed Order.

Additionally, Plaintiff also contends that Dr. Porter's statement that "it is my opinion that claims 31-34 of the '504 patent would have been obvious based on each anticipation reference alone based on the knowledge of one of ordinary skill in the art and common sense" creates "potentially hundreds of obviousness combinations." (Mot. at 7.) The Court interprets this particular portion of Dr. Porter's report to mean that he contends that each individual prior art reference asserted for anticipation may also serve as a single-reference obviousness combination. Defendants appear to echo this view. (*See* Dkt. 204 at 7.) The Court does not believe that this portion of Dr. Porter's report violates the Agreed Order. To the extent that Plaintiff's objection is based on its protest that "[j]ust because Defendants raise an anticipation argument does not give them carte blanche under the Court's Order to add any number of obviousness arguments that they wish," the Court agrees with that specific statement and observes that the parties appear to be talking past each other. Dr. Porter will be held to both the elections made under the Agreed

Order and the opinions disclosed in his expert report. Nothing in this Order gives Dr. Porter "carte blanche" to add an infinite number of obviousness arguments, but the Court declines to strike the entirety of Dr. Porter's obviousness opinions simply due to the fear that Defendants will attempt to elicit testimony from Dr. Porter that exceeds the scope of his report.

## II. Sufficiency of Dr. Porter's Obviousness Opinions

Plaintiff also asks this Court to strike the entirety of Dr. Porter's obviousness testimony because "[i]t would[] be improper to allow Dr. Porter to testify on the opinion found in paragraphs 222-53 of his report, as there is no support that could possibly meet Defendants' heavy burden in proving that the asserted claims are invalid.." (Dkt. 228 at 4.) Whether Dr. Porter's testimony can, standing alone, satisfy Defendants' high evidentiary burden as to invalidity is a question not appropriate for a motion to strike. Pursuant to Federal Rule of Civil Procedure 26, Dr. Porter will be held to the opinions disclosed in his expert report at trial, and whether his testimony – in conjunction with any other evidence offered by Defendants – suffices to meet the evidentiary burden required for a showing of invalidity is a question better left for that time.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion Strike Portions of the Expert Report of Dr. Adam Porter (Dkt. No. 192) is **GRANTED IN PART** as to specific prior art references that were not part of Defendants' final election under the Agreed Order Limiting Asserted Claims and Prior Art References and **DENIED** as to the remainder.

SIGNED this 6th day of August, 2014.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE