**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) Civil Action No. 2:13-cv-00013-JRG-RSP <br> ) |
| TOGI ENTERTAINMENT, INC. et al., | ) <u>LEAD CASE</u> <br> ) |
| *Defendants*. | ) <br> ) |

**<u>DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO PORTIONS OF THE MAGISTRATE JUDGE'S CLAIM CONSTRUCTION MEMORANDUM AND ORDER</u>**

Defendants Lotzi Digital, Inc.; NBCUniversal Media, LLC; CBS Corporation; Fox Networks Group, Inc. and Fox Broadcasting Company submit this surreply in opposition to Plaintiff's objections to portions of Magistrate Judge Payne's claim construction memorandum and order.

**1.  "COMPILATION FILE"**

Personal Audio contends, without citation, that Defendants admit that the term "compilation file" does not have an "ordinary meaning." Reply at 2. Defendants do not admit this. While the term "compilation file" may not have a dictionary meaning, its ordinary meaning within the context of the specification (*i.e.*, written description and claims) is clear. As Judge Payne correctly noted, all parties agree what a compilation file is – i.e., "a data file containing episode attribute data." In objecting to Judge Payne's order, Personal Audio seeks not to define what a "compilation file" is, but rather to read in an additional limitation as to how the

compilation file is assembled. To support its position that Judge Payne erred, Personal Audio cites to two truncated portions of the written description. But the fact that one portion of a sentence of the written description states, "the server then compiles one or more files for downloading," and another sentence from the written description merely describes that the server "writes" (*i.e.*, stores) the compilation file to a directory, provides no basis for reading into the claim a limitation that the compilation file must be assembled by the processor. This is particularly true where, as here, the second cited sentence only states that the server stores (*i.e.*, "writes") the compilation file to a directory, and the claim expressly recites several functions the processor must perform and assembling the compilation file is not one of the required functions. Personal Audio's arguments on this point were made to Judge Payne and were properly rejected by the Court.

**2.      "EMPLOYING ONE OF SAID ONE OR MORE COMMUNICATION INTERFACES"**

Personal Audio's contention that Judge Payne's construction "would exclude [certain] embodiments" is not correct. Specifically, Personal Audio contends that the construction would not cover the embodiment where the media files can be stored at any arbitrary location on the Internet (Personal Audio does not argue – as it cannot – that this embodiment is the preferred embodiment). Personal Audio is wrong. There is simply no reason why requiring a single interface to receive and respond to requests for both the compilation file and a media file identified in the compilation file means that the compilation file and the media file could not be stored at any arbitrary location on the Internet. Moreover, even if this embodiment is excluded (it is not), "a claim need not cover all embodiments." *Intamin, Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1337 (Fed. Cir. 2007). Indeed, if that were the law – which it is not – it would be

the specification rather than the claim that would define the scope of the invention. Judge Payne's ruling on this point is correct.

Dated: August 11, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Daniel R. McCallum
dmccallum@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendants*
*CBS Corporation, NBCUniversal Media, LLC,*
*Fox Broadcasting Company and Fox Networks*
*Group, Inc.*

*/s/ John M. Jackson*
*(with permission by Jennifer P. Ainsworth)*
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

David Folsom
Texas State Bar No. 07210800
JACKSON WALKER L.L.P.
6002-B Summerfeld Dr.
Texarkana, Texas 75503
Telephone: (903) 255-3251
Facsimile: (903) 255-3266
dfolsom@jw.com

*Attorneys for Defendant Lotzi Digital, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on August 11, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth