**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC, )<br>)<br>    *Plaintiff*, )<br>)<br>    v. )<br>)<br>TOGI ENTERTAINMENT, INC. et al., )<br>)<br>    *Defendants*. )<br>) | Civil Action No. 2:13-cv-00013-JRG-RSP<br><br><u>LEAD CASE</u> |

**DEFENDANTS' REQUEST FOR DETERMINATION THAT MULTIREFERENCE
OBVIOUSNESS COMBINATIONS WERE DISCLOSED IN INVALIDITY
CONTENTIONS PURSUANT TO AUGUST 5, 2014 ORDER**

Defendants' Final Election of Asserted Prior Art, served May 18, 2014 ("Defendants' Final Election"), identified three multi-reference obviousness combinations: (1) Compton and RealAudio; (2) Surfpunk and Klemets; and (3) Klemets and RealAudio. Ex. A at 7. Those same three combinations are the subject of the multi-reference obviousness opinions set forth in the expert report of Defendants' technical expert. *See* Ex. B (Expert Report of Dr. Adam Porter Regarding Invalidity of U.S. Patent 8,112, 504 at pp. 113-121). All three of these combinations were included in the sets of exemplary combinations and motivations to combine cited in both sets of the Initial Invalidity Contentions pursuant to Local Patent Rule 3-3[1]. *See* Exs. C & D.

---

[1] Pursuant to this Court's Docket Control Order of February 4, 2014, all Defendants submitted P.R. 3-3 invalidity contentions on February 14, 2014. *See* Dkt. 63 at 3 ("All defendants to comply with P.R. 3-3 & serve Preliminary Election of Asserted Prior Art[.]"). NBC and CBS also submitted earlier contentions in October 2013. Because the Fox suit was filed later and Personal Audio did not serve its Rule 3-1 and 3-2 disclosures until December 20, 2013 (13-cv-577, Dkt. 24), Fox was not required to serve invalidity contentions until the agreed upon February 14, 2014 following its January 2, 2014 (Dkt. 51) consolidation in this matter.

In its Order of August 5, 2014 (Dkt. 251), this Court held that "for multi-reference obviousness combinations that are still at issue in the case, the Court may grant Defendants leave to utilize those specific combinations if Defendants are able to identify the portion of their invalidity contentions that served to put Plaintiff on notice as to that theory of obviousness." August 5, 2014 Order at 3. Because, as set forth in detail herein, the obviousness combinations that are at issue were all described as exemplary combinations in Defendants' Initial Invalidity Contentions, Defendants seek leave to present these three combinations to the jury at trial.

Pursuant to this Court's Order of August 5, 2014 (Dkt. 251), on August 7, Defendants provided Plaintiff Personal Audio, LLC ("Personal Audio") with a written request that Personal Audio agree that the three obviousness combinations set forth in Defendant's Election of Asserted Prior Art were adequately identified in Defendants' Rule 3-3 disclosures. *See* Ex. E. The parties then met and conferred on this matter in a telephone conference on August 8, 2014 and a follow-up conference on August 14, 2014. In those conferences, Personal Audio disputed that any of the three obviousness combinations was adequately disclosed. Therefore, as set forth in the August 5, 2014 Order, Defendants request leave to utilize at trial those three obviousness combinations that were included in Defendants' Initial Invalidity Contentions.

All of the prior art references identified in Defendants' proposed obviousness combinations were fully disclosed in the Initial Invalidity Contentions. The Compton, Surfpunk, and Klemets references are all published articles that were cited and described in Defendants' Initial Invalidity Contentions, including claim charts identifying where the elements of the asserted claims were disclosed in each of those references. *See* Ex. C at 44-49 (Surfpunk); Ex. D at 48-53 (Surfpunk); Ex. C at 115-22 (Klemets); Ex. D at 130-137 (Klemets); Ex. C at 185-199 (Compton); Ex. D at 201-15 (Compton).

The RealAudio website is a prior art instrumentality that is described in several references rather than a single article. In their Initial Invalidity Contentions, Defendants provided a claim chart that identified the multiple documents that were being used to describe the RealAudio instrumentality and identifying where those documents evidence RealAudio's practice of each element of the asserted claims. *See* Ex. C at 359-978 (Chart A-30) and Ex. D at 376-447 (Chart A-30). Defendants' Preliminary Election of prior art, which was served on the same date as the February 2014 Initial Invalidity Contentions, also identifies these specific documents as constituting the RealAudio reference. *See* Ex. F at 8-9. Thus, when the Initial Invalidity Contentions were served, Personal Audio was on notice that the RealAudio reference includes the collection of specific documents that evidence it. Specifically, the articles referred to as "Sackman-1", "Oliver", "Richardson" and "Ojeda-Zapata" are listed as documents that describe the RealAudio instrumentality—as is the "RealAudio Content Creation Guide". *See* Ex. A at 5-7; Ex. C at 9, 14, 7; Ex. D at 8, 13, 14, 6; Ex. F at 8-9; *see also* Ex. C at 359-978 (Chart A-30) and Ex. D at 376-447 (Chart A-30). Consistent with this Court's Order requiring the submission of the Election of Prior Art, Defendants identified RealAudio as one of the references to be used in its obviousness combinations.[2]

The following portions of Defendants' Initial Invalidity Contentions disclose the theories of obviousness in the three obviousness combinations identified in the Defendants' Election and in the Defendants' P.R. 3-3 Initial Invalidity Contentions:

---

[2] The May 20, 2014 Order (Dkt. 156) provided that "a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist." *Id.* at n.1. (Though the Order was entered in May, it was agreed to by the parties in December 2013, and therefore, they were operating under it prior to the Order being officially entered).

1. <u>Compton and RealAudio</u>

| October 2013 Contentions at p. 33 (Ex. C) | "to the extent that Personal Audio argues that … <u>Compton-2</u>[3] … do[es] not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>Sackman-1, …, Oliver, … , Richardson, Ojeda-Zapata [1]</u> … as each of these references discloses updating a page at least from time to time so that the page will have up-to-date information." [Each of Sackman-1, Oliver, Richardson, and Ojeda-Zapata is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final Elections. *See supra*.] |
|---|---|
| October 2013 Contentions at p. 34 (Ex. C) | "to the extent that Personal Audio argues, for example, that … <u>Compton-2</u> … does not disclose that the media file is or includes an audio file, then any of these references in combination with any one of the multitude of references identified herein that disclose compressed digital audio, including, but not limited to, … <u>Oliver</u>… would nevertheless render the asserted claims invalid as being obvious." [Oliver is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final Elections.] |
| February 2014 contentions at p. 34 (Ex. D) | "to the extent that Personal Audio argues that … <u>Compton-2</u> … do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>Sackman-1, … Oliver, … Richardson, Ojeda-Zapata 1</u> …." [Each of Sackman-1, Oliver, Richardson, and Ojeda-Zapata 1 is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final election of prior art.] *See supra*. |
| February 2014 Contentions at p. 36 (Ex. D). | "to the extent that Personal Audio argues, for example, that … <u>Compton-2</u> … does not disclose that the media file is or includes an audio file, then any of these references in combination with any one of the multitude of references identified herein that disclose compressed digital audio, including, but not limited to, … <u>RealAudio</u> … would nevertheless render the asserted claims invalid as being obvious." |

---

[3] Compton-2 is the IEEE article that is one part of the Compton and RealAudio combination. *See* Ex. A at 7; Ex. C at 10.

2. <u>Surfpunk and Klemets</u>

| October 2013 Contentions at p. 30 (Ex. C) | "to the extent that Personal Audio argues that, for example, … <u>Klemets</u> … or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>SurfPunk</u> … as each of those discloses media files that represent episodes from a series of episodes." |
|---|---|
| February 2014 Contentions at p. 31 (Ex. D) | "to the extent that Personal Audio argues that, for example, … <u>Klemets</u> … or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>Surfpunk</u> …." |

3. <u>Klemets and Real Audio</u>

| October 2013 Contentions at p. 30 (Ex. C) | "to the extent that Personal Audio argues that, for example, … <u>Klemets</u> … or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>RealAudio Content Creation Guide, …, Sackman-1, … Richardson, K[il]sheimer [sic], … Ojeda-Zapata, … NOAA Report, … Oliver,</u> … as each of those discloses media files that represent episodes from a series of episodes." [Each of the RealAudio Content Creation Guide, Sackman-1, Richardson, K[il]sheimer, Ojeda-Zapata, NOAA Report, and Oliver, is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final Elections.] *See, e.g.*, Ex. F at 8; Ex. A at 6; *see supra*. |
|---|---|
| October 2013 Contentions at p. 33 (Ex. C) | "to the extent that Personal Audio argues that … <u>Klemets</u> … do[es] not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … <u>Sackman-1, …, Oliver, … , Richardson, Ojeda-Zapata [1]</u> … as each of these references discloses updating a page at least from time to time so that the page will have up-to-date information." [Each of Sackman-1, Oliver, Richardson, and Ojeda-Zapata is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final Elections.] *See supra*. |

5

| February 2014 Contentions at p. 31 (Ex. D) | "to the extent that Personal Audio argues that, for example, … Klemets … or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … RealAudio …." |
|---|---|
| February 2014 Contentions at p. 34 (Ex. D) | "to the extent that Personal Audio argues that … Klemets … do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: … Sackman-1, … Oliver, … Richardson, Ojeda-Zapata 1 ….") [Each of Sackman-1, Oliver, Richardson, and Ojeda-Zapata 1 is a reference identified as describing the RealAudio Website in Defendants' Initial Invalidity Contentions and in Defendants' Preliminary and Final Elections.] *See supra*. |

The foregoing disclosures of the three identified combinations in Defendants' Invalidity Contentions pursuant to Local Patent Rule 3-3 put Personal Audio on notice that Defendants were asserting those three combinations and intended to combine those references. Indeed, as quoted above, each of those combinations was specifically disclosed. As discussed above, the RealAudio website is an instrumentality that is described by multiple individual documents, including those identified above in the combinations set forth in the invalidity contentions. The documents that describe the RealAudio instrumentality (including Sackman-1, Oliver, Richardson, and Ojeda-Zapata 1), were specifically identified as such in the invalidity contentions (*see* (Ex. C at 359-978) Chart A-30 to the October and (Ex. D at 376-447) February Contentions, entitled "Real Audio" and citing to these documents as evidencing the Real Audio art), as well as in the Preliminary Election, which was served together with the February Contentions. Therefore, by combining Compton and Klemets with Sackman-1, Oliver,

Richardson, and Ojeda-Zapata 1 in the Initial Invalidity Contentions, Defendants put Personal Audio on notice that Defendants were contending that the person of ordinary skill in the art would be motivated to combine Compton and Klemets with the RealAudio website. Indeed, Ojeda-Zapata 1 was included in the Preliminary Election of Prior Art expressly as a document that describes the RealAudio instrumentality and the Primary Election of Art was served together with the February invalidity contentions. In any event, Defendants' February contentions further put Plaintiff on notice that Defendants intended to combine both Compton and Klemets with RealAudio as the February invalidity contents made this explicit. Ex. D at 31 (expressly combining Klemets with RealAudio); and *id*. at 36 (expressly combining Compton with RealAudio).

Personal Audio's primary basis for maintaining its objection to Defendants relying on these multi-reference obviousness combinations at trial is that because these exemplary combinations are included in lists of references to be combined for a particular reason, there are too many possible combinations created. This objection is inconsistent with this Court's August 5, 2014 Order, which specifically recognized that the issue was not the numerosity of the identified combinations but whether in fact the particular combinations at issue had ever been identified as one of the exemplary combinations. Dkt. 251 at 1-2. The identification of many possible combinations (which would later be narrowed as the case progressed and the issues crystallized), was consistent with this Court's rules, which require the disclosure of all invalidating references that Defendants may wish to cite. *See* Rule 3-3 (all invalidity references must be disclosed). Because all three of the combinations that Defendants seek to assert at trial were expressly identified in the exemplary combinations listed, and therefore Personal Audio

was on notice of those obviousness theories, Defendants' request for leave to make those arguments at trial should be granted.

Dated: August 18, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Daniel R. McCallum
dmccallum@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendants*
*CBS Corporation, NBCUniversal Media, LLC,*
*Fox Broadcasting Company and Fox Networks*
*Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 18th day of August, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

**CERTIFICATE OF CONFERENCE**

This is to certify that pursuant to this Court's Order of August 5, 2014 (Dkt. 251), on August 7, Defendants provided Plaintiff Personal Audio, LLC ("Personal Audio") with a written request regarding the specifics of the three obviousness combinations at issue. Then counsel for Defendants, Sharon Davis and Jennifer Ainsworth, and counsel for Plaintiff Jeremy Pitcock and Papool Chaudhari, met and conferred by telephone conference on August 8, 2014, and on August 14, 2014. In those conferences, the parties discussed all issues herein, and Personal Audio disputed that any of the three obviousness combinations was adequately disclosed. Therefore, Defendants certify that they diligently conferred as specified by the Court's August 5, 2014 Order, and request leave to utilize at trial those three obviousness combinations that were included in Defendants' Initial Invalidity Contentions.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth
