IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TOGI ENTERTAINMENT, INC. et al**<br><br>  Defendants | **2:13-cv-13 Consolidated Action**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PERSONAL AUDIO, LLC'S OPPOSITION TO DEFENDANTS' MOTION REQUEST FOR DETERMINATION THAT MULTIREFERENCE OBVIOUSNESS COMBINATIONS WERE DISCLOSED IN INVALIDITY CONTENTIONS PURSUANT TO AUGUST 5, 2014 ORDER**

Plaintiff Personal Audio, LLC ("Plaintiff") respectfully requests that the Court determine that the obviousness contentions by Defendants CBS Corporation, NBCUniversal Media, LLC, FOX Broadcasting Company and FOX Networks Group, Inc. (collectively, "Defendants") were inadequate and remove obviousness as a consideration in the upcoming trials against Defendants for the reasons outlined below.

**I.      Introduction**

Defendants continue their gamesmanship in this Court and with Plaintiff by their selective use of ellipses in an attempt to cut and paste selectively their invalidity theories at trial from the invalidity contentions served in the case. However, Defendants efforts should fail for several reasons.

The first is that the very selectively quoted part of the invalidity contentions simply does not adequately disclose what Defendants plan to argue at trial. Defendants try to use ellipses to

1

hide the fact that the supposed combinations of prior art they want to argue at trial are buried in hundreds, if not thousands, of other combinations. Plaintiff reproduces below the maze of references Defendants claim adequately disclose their invalidity theories at trial. Moreover, it should be noted that these portions are buried in invalidity contentions hundreds of pages long.

Second, the theories of obviousness disclosed in the Defendants' contentions simply do not match the theories of their expert, Dr. Porter, at trial. The invalidity contentions, for all their failings, at least identify a <u>specific</u> limitation that is missing from one massive set of prior art documents that can be found in a second massive set, as can be seen below in Plaintiff's unredacted version of the invalidity contentions. However, Dr. Porter, wants to advance the theory that <u>any</u> missing limitation taught by a single reference could be taught by a second reference. Not only is this vague assertion inadequate as a matter of law to support a finding of invalidity, but it is completely different from anything Plaintiff could be said to have been given fair notice of in the invalidity contentions.

Third, although Plaintiff moved against "multireference combinations," it was believed by Plaintiff, based on the Final Election of Prior Art, that Defendants were not trying to assert "single reference" obviousness. Therefore, Plaintiff did not move to strike these contentions. However, it is also true that the vague descriptions for "single reference obviousness" contained in the invalidity contentions are both inadequate and do not disclose the theory that Defendants want to advance at trial. Therefore, Plaintiff respectfully requests that all obviousness contentions be struck from the case, and Defendants should be precluded from presenting them at trial.

  **II.**  **Defendants Obviousness Arguments Should Be Removed From This Case**

    **a.**  **Defendants' Multi-Reference Obviousness Combinations Are Clearly Inadequate**

The patent "rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro International Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (internal citations omitted). Enclosed for the Court's consideration are the parts of the invalidity contentions deemed by Defendants to adequately disclose their trial theories, prior to their selective cutting of text.

### i. Compton and Real Audio

Accordingly, for example, to the extent that Personal Audio argues that Surfpunk, NCSA, NRL, Klemets, Compton-1, Compton-2, Jonas, England-1, England-2, Astle, Hooper, Clanton, and Chen do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Lemay, Kenner, Patrick, Malesky, Sackman-1, Cline, AudioNet, Notess, Bobo, Karpinski, Stone, Clarinet, The New Yorker, PBS, Patel, Oliver, Shafran, Richardson, Ojeda-Zapata, Kramer, Rigney, Brody, Mazza- 2, Schwab, TSFC, Ng, Aronson, Gabbe, Reisman, Matthews, Smith, and Markoff, as each of these references discloses updating a page at least from time to time so that the page will have up-to-date information. (Motion at Ex. C, p. 33)

Accordingly, to the extent that Personal Audio argues, for example, that APOD, Compton-2, Compton-1, Matthews, Astle, England-2, Hooper, Reisman, and Clanton does not disclose that the media file is or includes an audio file, then any of these references in combination with any one of the multitude of references identified herein that disclose compressed digital audio, including, but not limited to, SurfPunk, Klemets, Notess, Markoff, Jonas, Bobo, England-1, Chen, Gabe, Lemay, Oliver, Shafran, Karpinski, Goldstein, and Story, would nevertheless render the asserted claims invalid as being obvious. (Motion at Ex. C, p. 34)

Accordingly, for example, to the extent that Personal Audio argues that NCSA, NRL, ABC Radionet, AudioNet, CBC, CBS News, APOD, PBS, RealAudio, CNN, TravelSound, Kent, Klemets, Lemay-1, Lemay-2, Compton-1, Compton-2, England-1, England-2, Kenner-1, Kenner-2, Morrison, Chen, Keating, Surfpunk, Jonas, Astle, Hooper, or Clanton, do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Lemay-1, Lemay-2, Kenner-1,2, Patrick, Malesky, Sackman-1, Cline, Notess, Bobo, Karpinski, Stone, Clarinet, The New Yorker, PBS, Patel, Oliver, Shafran, Richardson, Ojeda-Zapata 1, Kramer, Rigney, Brody, Mazza-2, Schwab, TSFC, Ng, Aronson, Gabbe, Reisman, Matthews, Smith, and Markoff, as each of these references discloses updating a page at least from time to time so that the page will have up to date information. (Motion at Ex. D, p. 34)

Accordingly, to the extent that Personal Audio argues, for example, that APOD, Compton-2, Compton-1, Matthews, Astle, England-2, Hooper, Reisman, and Clanton does not disclose that the media file is or includes an audio file, then any of these references in combination with any one of the multitude of references identified herein that disclose compressed digital audio, including, but not limited to, NCSA, NRL, ABC Radionet, AudioNet, CBC, CBS News, APOD, PBS, RealAudio, CNN, TravelSound, Klemets, Lemay-1, Lemay-2, Compton-1, Compton-2, England-1, England-2,

Kenner-1, Kenner-2, Morrison, Chen, Surfpunk, Notess, Markoff, Jonas, Bobo, Gabe, Oliver, Shafran, Karpinski, Goldstein, and Story, would nevertheless render the asserted claims invalid as being obvious. (Motion at Ex. D, p. 36)

    ii. Surfpunk and Klemets

Accordingly, to the extent that Personal Audio argues that, for example, Lemay, Klemets, Jonas, Bobo, England-1, Astle, England-2, Hooper, Clanton, Chen, Story or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Morrison, SurfPunk, Kenner, RealAudio Content Creation Guide, Patrick, Malesky, Sackman-1, Cline, Notess, Compton-1, Compton-2, Sackman-2, Sackman-3, Orlando Sentinel, Luther-1, Luther-2, Luther-3, Clarient, The New Yorker, Stone, PBS Preview-1, PBS Preview-2, PBS Preview-3, Snyder, News@Clarinet, Newsbytes-2, Patent, Banks, Johnston, DC Watch, Richardson, Klisheimer, IAT, Hughes, Cacas, Ojeda-Zapata, Winitski, NOAA Report, Kramer, Surfer, APOD, APOD-June-20, APOD-June-21, Matthews, Reisman, Gabbe, Oliver, Karpinski, and Shafran, as each of those discloses media files that represent episodes from a series of episodes. (Motion at Ex. C, p. 30)

Accordingly, to the extent that Personal Audio argues that, for example, Lemay-1, Klemets, Jonas, Bobo, England-1, Astle, England-2, Hooper, Clanton, Chen, Story or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: NCSA, NRL, ABC Radionet, AudioNet, CBC, CBS News, APOD, PBS, RealAudio, CNN, TravelSound, Compton-1, Compton-2, Kenner-1, Kenner-2, Kent, Keating, Morrison, Surfpunk, RealAudio Content Creation Guide, Patrick, Malesky, Sackman-1, Cline, Notess, Sackman-2, Sackman-3, Orlando Sentinel, Luther-1, Luther-2, Luther-3, Clarient, The New Yorker, Stone, PBS Preview- 1, PBS Preview-2, PBS Preview-3, Snyder, News@Clarinet, Newsbytes-2, Patent, Banks, Johnston, DC Watch, Richardson, Klisheimer, IAT, Hughes, Cacas, Ojeda-Zapata 1, Winitski, NOAA Report, Kramer, Surfer, APOD-June-20, APOD-June-21, Matthews, Reisman, Gabbe, Oliver, Karpinski, and Shafran, as each of those discloses media files that represent episodes from a series of episodes. (Motion at Ex. D, p. 31)

    iii. Klemets and Real Audio

Accordingly, to the extent that Personal Audio argues that, for example, Lemay, Klemets, Jonas, Bobo, England-1, Astle, England-2, Hooper, Clanton, Chen, Story or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Morrison, SurfPunk, Kenner, RealAudio Content Creation Guide, Patrick, Malesky, Sackman-1, Cline, Notess, Compton-1, Compton-2, Sackman-2, Sackman-3, Orlando Sentinel, Luther-1, Luther-2, Luther-3, Clarient, The New Yorker, Stone, PBS Preview-1, PBS Preview-2, PBS Preview-3, Snyder, News@Clarinet, Newsbytes-2, Patent, Banks, Johnston, DC Watch, Richardson, Klisheimer, IAT, Hughes, Cacas, Ojeda-Zapata, Winitski, NOAA Report, Kramer, Surfer, APOD, APOD-June-20, APOD-June-21, Matthews, Reisman, Gabbe, Oliver, Karpinski, and Shafran, as each of those discloses media files that represent episodes from a series of episodes. (Motion at Ex. C, p. 30)

> Accordingly, for example, to the extent that Personal Audio argues that Surfpunk, NCSA, NRL, Klemets, Compton-1, Compton-2, Jonas, England-1, England-2, Astle, Hooper, Clanton, and Chen do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Lemay, Kenner, Patrick, Malesky, Sackman-1, Cline, AudioNet, Notess, Bobo, Karpinski, Stone, Clarinet, The New Yorker, PBS, Patel, Oliver, Shafran, Richardson, Ojeda-Zapata, Kramer, Rigney, Brody, Mazza- 2, Schwab, TSFC, Ng, Aronson, Gabbe, Reisman, Matthews, Smith, and Markoff, as each of these references discloses updating a page at least from time to time so that the page will have up-to-date information. (Motion at Ex. C, p. 33)

> Accordingly, to the extent that Personal Audio argues that, for example, Lemay-1, Klemets, Jonas, Bobo, England-1, Astle, England-2, Hooper, Clanton, Chen, Story or other reference does not disclose a media file representing an episode from a series of episodes, these references would nevertheless render the asserted claims invalid as being obvious. Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: NCSA, NRL, ABC Radionet, AudioNet, CBC, CBS News, APOD, PBS, RealAudio, CNN, TravelSound, Compton-1, Compton-2, Kenner-1, Kenner-2, Kent, Keating, Morrison, Surfpunk, RealAudio Content Creation Guide, Patrick, Malesky, Sackman-1, Cline, Notess, Sackman-2, Sackman-3, Orlando Sentinel, Luther-1, Luther-2, Luther-3, Clarient, The New Yorker, Stone, PBS Preview- 1, PBS Preview-2, PBS Preview-3, Snyder, News@Clarinet, Newsbytes-2, Patent, Banks, Johnston, DC Watch, Richardson, Klisheimer, IAT, Hughes, Cacas, Ojeda-Zapata 1, Winitski, NOAA Report, Kramer, Surfer, APOD-June-20, APOD-June-21, Matthews, Reisman, Gabbe, Oliver, Karpinski, and Shafran, as each of those discloses media files that represent episodes from a series of episodes. (Motion at Ex. D, p. 31)

> Accordingly, for example, to the extent that Personal Audio argues that NCSA, NRL, ABC Radionet, AudioNet, CBC, CBS News, APOD, PBS, RealAudio, CNN, TravelSound, Kent, Klemets, Lemay-1, Lemay-2, Compton-1, Compton-2, England-1, England-2, Kenner-1, Kenner-2, Morrison, Chen, Keating, Surfpunk, Jonas, Astle, Hooper, or Clanton, do not disclose that the compilation file is updated from time to time as new episodes become available, these references would nevertheless render the asserted claims invalid as being obvious.  Moreover, for the above reason, a POSITA would have been motivated to combine any one of these references with any one of, for example: Lemay-1, Lemay-2, Kenner-1,2, Patrick, Malesky, Sackman-1, Cline, Notess, Bobo, Karpinski, Stone, Clarinet, The New Yorker, PBS, Patel, Oliver, Shafran, Richardson, Ojeda-Zapata 1, Kramer, Rigney, Brody, Mazza-2, Schwab, TSFC, Ng, Aronson, Gabbe, Reisman, Matthews, Smith, and Markoff, as each of these references discloses updating a page at least from time to time so that the page will have up to date information. (Motion at Ex. D, p. 34)

On their face, the selected portions do not disclose the theory of obviousness Defendants wish to advance now in the case.  Each supposed combination actually consists of hundreds of different possible combinations.  The fact that Defendants tried to narrow their contentions after Plaintiff moved to strike them in their Final Election of Asserted Art is completely irrelevant to the adequacy of their disclosure in October of 2013 and/or February of 2014.  The purpose of the invalidity contentions is still to put Plaintiff on notice of what the Defendant expects to argue at

trial, not cover all possibilities. *See Realtime Data, LLC v. Packeteer, Inc.*, Civil Action No. 6:08-CV-144, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009), at *3 (finding that disclosing over 500 references while purportedly "reserv[ing] the right to combine" them "result[ed] in an impossibly high number of combinations to reasonably serve the notice function contemplated by the Patent Rules."); *Saffran, M.D., Ph.D., v. Johnson & Johnson et al*, (2-07-cv-00451) (E.D. Tex. Feb. 24, 2009) (Order is attached hereto as Exhibit 1) ("The defendants' almost 800 pages of 'Invalidity Contentions' do not put the plaintiffs on real or useful notice. The defendants' current 'Invalidity Contentions' are an attempt to end run the rules.").

Second, the part of the invalidity contentions that supposedly disclose Defendants' obviousness theories discuss a specific claim limitation with a specific motivation to combine the references by a POSITA identified. This is simply not the same theory of obviousness Defendants want to advance at trial. As noted previously, Defendants wish to argue that any limitation missing from either reference would have been obvious to fill in with the other. *See* Expert Report on Invalidity of Dr. Porter at ¶ 256 (attached as Exhibit 2); Deposition of Dr. Adam Porter at 125:14-146:23 (portions attached as Exhibit 3). Not only is this vague argument inadequate as a matter of law,[1] but there was no notice in the invalidity contentions that such a broad theory of obviousness would be advanced at trial. One of the purposes of Patent Local Rules is to "prevent the 'shifting sands' approach to claim construction." *O2 Micro*, 467 F.3d 1355, 1364. Thus, for that additional reason, the invalidity contentions are inadequate and multireference obviousness

---

[1] *See InTouch Techs., Inc. v. VGo Communications, Inc.*, Case No. 13-1201 (Fed. Cir., May 9, 2014) ("[The expert's] testimony was nothing more than impermissible hindsight; she opined that all of the elements of the claims disparately existed in the prior art, but failed to provide the glue to combine these references. While she opined that the references were like separate pieces of a simple jigsaw puzzle, she did not explain what reason or motivation one of ordinary skill in the art at the time of the invention would have had to place these pieces together. And, she did not even factor the objective evidence of nonobviousness into her obviousness analysis. For the reasons below, we reverse the district court's judgment invalidating [the relevant claims of the patent].").

should be out of this case. *See L.C. Eldridge Sales Co., Ltd., et al v. Azen Manufacturing Pte., Ltd., et al.*, 6:11-cv-599-MHS (E.D. Tex. Nov. 14, 2013) (attached as Exhibit 4); *See* Plaintiff's Motions in Limine, Dkt. #248, ¶ 14 (moving to exclude reference to any invalidity arguments that were not disclosed in Defendants' Invalidity Contentions).

### b. Defendants Gave No Notice to Plaintiff Regarding Advancing "Single Reference" Obviousness

During the various meet and confers leading up to the pretrial conference and in advance of this motion, Plaintiff asked Defendants to identify where, in their hundreds of pages of invalidity contentions, single reference obviousness was disclosed as a theory of the case. Defendants pointed to the same or similar portions of the invalidity contentions cited for multireference obviousness, which read, in pertinent part:

> Subject to the reservation of rights above and based on Defendants' present understanding of the asserted claims, and the apparent constructions Plaintiff is asserting, the prior art references identified above in Section III.B and charted in Exhibit A, each anticipate one or more of the asserted claims. To the extent a finder of fact finds that a limitation of a given claim is not disclosed by one of the references identified above, that claim would be nevertheless unpatentable as obvious over that given reference because the asserted claims contain nothing in addition to what is disclosed in each of the above references that goes beyond ordinary innovation. (Motion at Ex. D, p. 26)

*See also* Quotations in Section II of this Opposition, *supra*. Not only is this vague disclosure—which would apparently apply to numerous pieces of prior art—inadequate to disclose Defendants' trial theory of obviousness, but it also is buried in hundreds of pages of invalidity contentions. Moreover, there was nothing in Defendants' Final Election of Prior Art that disclosed "single reference" obviousness as a theory. *See* Defendants' Final Election of Prior Art, attached as Exhibit 5.

Further, Defendants' expert, Dr. Porter, tried to rely upon many references that were not disclosed in the Final Election of Prior Art, and for that reason those references were struck from the case. *See* Dkt. #252. Clearly, Defendants tried to do an end run around the Patent Local Rules

and Court Order limiting Asserted Claims and Prior Art References (Dkt. #156), and sought to ambush Plaintiff with surprise combinations of prior art.

Equally of concern, however, is the lengthy discussion in Dr. Porter's report on "single-reference" obviousness which was disclosed nowhere in Defendants' invalidity contentions. While Dr. Porter relies upon some vague testimony regarding the motivation of a POSITA to modify the supposedly anticipatory references, Dr. Porter, in sharp contrast to the few vague paragraphs in the invalidity contentions, opines for **nearly twenty pages** on how single references would supposedly render the asserted claims obvious. *See generally* Expert Report on Invalidity of Dr. Porter at ¶ 221-253 (Exhibit 2). The invalidity contentions, however, provide **no** detail whatsoever.

The simple fact is that none of the supposed single reference obviousness arguments, including these examples, were disclosed in the invalidity contentions. These theories needed to be disclosed in either the October 2013 or February 2014 contentions, not in May 2014, after fact discovery, when Dr. Porter served his expert report. The Patent Rules require that Defendants either timely disclose their invalidity contentions or obtain leave of the Court on a showing of good cause to amend their invalidity contentions. *See Finisar Corp. v. DirecTV Group*, 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006). Defendants did not timely disclose this invalidity theory, nor have they sought leave of the Court to amend their invalidity contentions. Further, the factors pertinent to determining whether the Court should allow an amended invalidity theory weigh heavily against Defendants because no good cause exists to allow this eleventh-hour amendment. *See Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *1, *4 (E.D. Tex. March 30, 2009).

By conducting this "litigation by ambush," Plaintiff was not afforded the opportunity to explore these theories in discovery (namely in depositions of alleged prior art witnesses), while Defendants knew full well what they were going to argue. Contrast this to Plaintiff's Infringement Contentions, which set forth Plaintiff's infringement theories for the entire case, to which the Court recently denied Plaintiff leave to amend them to include native mobile applications. *See* Dkt. #250. As discussed above, both infringement contentions and invalidity contentions serve to disclose to the parties the theories of the case. Here, by not disclosing their invalidity theories until service of expert reports, Plaintiff was ambushed by Defendants' arguments. Defendants should not be able to advance invalidity arguments at trial which were not advanced in their Invalidity Contentions. *See L.C. Eldridge Sales Co., Ltd., et al v. Azen Manufacturing Pte., Ltd., et al.*, 6:11-cv-599-MHS (E.D. Tex. Nov. 14, 2013) (attached as Exhibit 4); *See* Plaintiff's Motions in Limine, Dkt. #248, ¶ 14 (moving to exclude reference to any invalidity arguments that were not disclosed in Defendants' Invalidity Contentions).

Accordingly, the Court should strike both multireference and "single reference" obviousness contentions from the case, and prohibit Defendants from presenting any evidence or argument regarding obviousness at trial.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated:  August 18, 2014

*/s/ Papool S. Chaudhari*
By: _____
   Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, New York 10036
Tel:  (646) 571-2237
Fax:  (646) 571-2001
jpitcock@pitcocklawgroup.com

9

        Andrew W. Spangler
        Texas State Bar No. 24041960
        Spangler Law, P.C.
        208 N. Green St, Suite 300
        Longview, Texas 75601
        (903) 753-9300
        (903) 553-0403 Fax
        spangler@spanglerlawpc.com

        Papool S. Chaudhari
        State Bar No. 24076978
        CHAUDHARI LAW, PLLC
        P.O. Box 1863
        Wylie, Texas 75098
        Tel: (214) 702-1150
        Fax: (214) 705-3775
        papool@chaudharilaw.com

        John Lee (admitted to E.D. Texas)
        Jennifer L. Ishimoto (admitted pro hac vice)
        BANIE & ISHIMOTO LLP
        1370 Willow Road, 2nd Fl
        Menlo Park, CA 94025
        (650) 241-2771
        (650) 241-2770 (Fax)
        jlee@banishlaw.com
        ishimoto@banishlaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **PERSONAL AUDIO, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 18th day of August, 2014.

*/s/ Papool S. Chaudhari*

_____
Papool S. Chaudhari