**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

**ORDER**

Before the Court is Defendants' Motion to Utilize Multi-Reference Obviousness Combinations at Trial. (Dkt. No. 273, the "Motion").

The Motion was filed in response to a provision in the Court's Order on Plaintiff's Motion to Strike, which stated "the Court may grant Defendants leave to utilize those specific combinations if Defendants are able to identify the portion of their invalidity contentions that served to put Plaintiff on notice as to that theory of obviousness." (Dkt. No. 251 at 3.)

Defendants have set forth a number of different theories that they allege were properly disclosed by the invalidity contentions, citing specifically to those contentions. (Mot. at 4-6.) In view of the unique facts of this case and how it has progressed, the Court holds that Defendants may utilize those specific theories at trial. To be clear, the Court understands those theories to be as follows:

- If Compton-2 does not disclose updating of the compilation file as new episodes become available, each of the other RealAudio references (Sackman-1, Oliver, Richardson, Ojeda-Zapata) teach that limitation. (Mot. at 4; Oct. '13 Contentions at 33, Feb. '14 Contentions at 34.)
- If Compton-2 does not disclose an audio file being a media file, Oliver teaches that limitation. (Mot. at 4; Oct. '13 Contentions at 34, Feb. '14 Contentions at 36.)
- If Klemets does not disclose a media file representing an episode from a series of episodes, Surfpunk teaches that limitation. (Mot. at 5; Oct. '13 Contentions at 30, Feb. '14 Contentions at 31.)

- If Klemets does not disclose a media file representing an episode from a series of episodes, each of the RealAudio references (Sackman-1, Oliver, Richardson, Kilscheimer, NOAA Report, Ojeda-Zapata) teach that limitation. (Mot. at 5-6; Oct. '13 Contentions at 30, Feb. '14 Contentions at 31.)
- If Klemets does not disclose updating of the compilation file as new episodes become available, each of the other RealAudio references (Sackman-1, Oliver, Richardson, Ojeda-Zapata) teach that limitation. (Mot. at 5-6; Oct. '13 Contentions at 33, Feb. '14 Contentions at 34.)

Defendants have not shown that any remaining multi-reference obviousness combinations were properly disclosed in their invalidity contentions, and the Court does not endorse the theory that (without such disclosure) Defendants are free to assert that any part of any of the prior art references serves to fill any other (unidentified) holes in any other reference.[1]

It brings the Court no pleasure to be forced to rule individually on these combinations; this issue could have been avoided at multiple stages of this proceeding by action of either – or both – parties. And in allowing the above theories, the Court does not endorse the manner in which the contentions were written in this case, and frankly believes that the form of the contentions does not represent a best practice for future practitioners. But in view of the full (and extensive) record here, and the unique manner in which the invalidity arguments unfolded, the Court finds that Personal Audio did in fact have notice of the above-listed theories, and Defendants can therefore utilize them at trial.

---

[1] To the extent that Personal Audio attempts to challenge Defendants' use of "single-reference" obviousness positions in the Response to the Motion, the Court has already denied that challenge in its Order on Personal Audio's Motion to Strike Dr. Porter's Expert Report (Dkt. 252 at 2), and declines to revisit that ruling here. Accordingly, nothing in this order should be read to bar Personal Audio from contending that each individual reference it elected in its "Final Election of Prior Art" – standing alone – renders the asserted claims obvious. The Court also takes no stance at this time as to whether the "single-reference" obviousness positions cited in Defendants' expert reports would constitute a legally sufficient showing of obviousness, and considers that an issue not proper for the instant motion.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Utilize Multi-Reference Obviousness Combinations at Trial. (Dkt. No. 273) **GRANTED** as to the specific theories of obviousness set forth in the list above.

**SIGNED this 20th day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE