**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC,     ) | |
| ) | Civil Action No. 2:13-cv-00013-JRG-RSP |
| *Plaintiff,*     ) | |
| ) | |
| v.     ) | LEAD CASE |
| ) | |
| TOGI ENTERTAINMENT, INC., *et al.,*     ) | |
| ) | |
| *Defendant.*     ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PERSONAL AUDIO'S NOTICE OF SUPPLEMENTAL
AUTHORITY CONCERNING 35 U.S.C. § 299**

At the pretrial conference on August 19, 2014, this Court heard argument regarding whether the three remaining Defendants could be consolidated for trial without violating the applicable provisions of 35 U.S.C. § 299. During that argument, Personal Audio, LLC ("Personal Audio"), indicated that it believed it had additional authority to support the view that consolidation of these cases for trial of invalidity issues was consistent with § 299. This Court permitted Personal Audio to submit such authority in a supplemental submission.

Personal Audio concedes in its notice of supplemental authority that it has not located any formal orders or opinions that support its reading of § 299. Dkt. 278 at 1, fn 1. Likewise, Personal Audio has identified no ruling in which a court analyzes whether the statute allows a court to try invalidity jointly where defendants assert a right to separate trials under § 299. Nor is there any indication that in any of the situations cited by Personal Audio the courts had the benefit of briefing on the impact of § 299—or even if the defendants had objected to the proposed consolidated trial.

The language of the statute is unequivocal that patent cases cannot be consolidated for trial over the Defendants' objection unless they satisfy both prongs of section (a):

> (a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, *parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial*, or counterclaim defendants *only if*—
>
>> (1) *any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the* **same** *accused product or process;* **and**
>>
>> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added).

Personal Audio does not dispute that these actions do not meet the standards for consolidation for trial under § 299.  Instead, Personal Audio argues that, despite the bar on consolidation of actions "for trial," the statute allows consolidation of cases for trial on invalidity issues only, and presumably for other issues involving questions of common fact.  Not only does this reading ignore the statutory language, it is clear from the legislative history that § 299 was enacted for the exact purpose of abrogating and overriding a court's powers under Rule 42:

> …A review of legal authority, however, reveals that under current law, even if parties cannot be joined as defendants under rule 20, their cases can still be consolidated for trial under rule 42….
>
> If a court that was barred from joining defendants in one action could instead simply consolidate their cases for trial under rule 42, section 299's purpose of allowing unrelated patent defendants to insist on being tried separately would be undermined. Section 299 thus adopts a common standard for both joinder of defendants and consolidation of their cases for trial.

157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl).  Consolidated trials are only permitted where accused infringers waive their right "to insist on being tried separately" under § 299(c).  *See* § 299(c) ("Waiver.—A party that is an accused infringer may waive the

limitation set forth in this section with respect to that party."). Personal Audio's discussion of the standard for separating issues for trial under Rule 42(b), *see* Dkt. 278 at 5, misses the point. The real issue is whether § 299, in which Congress expressly prohibited the consolidation of patent actions for trial unless certain strict limitations are met, nonetheless allows the consolidation of those actions for trial of all invalidity issues under Rule 42(a). As set forth above, Congress intended to prohibit exactly what Personal Audio proposes here:  using Rule 42 to avoid the strictures of § 299.

Personal Audio has provided no authority to this Court in which the impact of § 299 has been analyzed and applied to force defendants to participate in a joint invalidity trial. Judge Davis' Memorandum, Opinion and Order in *Norman IP Holdings v. Lexmark International Inc.* (Exhibit 4 to Dkt. 278), expressly does not consolidate the actions for trial. *See* Order at 2 ("Further, the severed actions are CONSOLIDATED with this action only for pretrial issues, except venue. This case shall serve as the lead case for the consolidated issues. The individual cases will remain active for venue motions and trial."). Judge Davis' Order also states that with respect to trial "the Court will solicit the advice of the remaining parties on how to best structure the trial in these cases. Will there be a separate trial as to each separate Defendant as to all issues? Do some Defendants wish to join together in a consolidated trial?" Order at 10. Thus, Judge Davis is not imposing a consolidated trial on a defendant that wishes to have a separate trial. He is simply stating that he will discuss the issue with the parties (and presumably allow for briefing on the issue) at the appropriate time.

In the *Affinity* case, (Exhibit 3 to Dkt. 278), there is no indication whatsoever that the two defendants in that case (Ford Motor Company and General Motors Company) actually objected to the consolidated trial. There is no indication on the docket sheet of either case that any

briefing on the issue was submitted to the Court, and the Court's Order does not address the impact of § 299 on the joint invalidity portion of the trial.  Therefore, the order in *Affinity* provides no support for the view that § 299 can be read to allow for joint trials of unwilling defendants with separate accused products.  Moreover, since the parties in the General Motors suit have now moved to stay all pending deadlines pursuant to their settlement, the trial is proceeding against only Ford Motor Company and the Court's Order on trial structure is now moot.  (Exhibit 1).

Finally, in the *Personal Audio v. Acer* case (Exhibit 1 to Dkt. 278), all that is cited is a scheduling order issued by Judge Clark at the beginning of the case (the complaint was filed January 10, 2014).  There is no ruling from Judge Clark that the trials scheduled for 2015 will in fact be consolidated and no indication that Judge Clark addressed issues raised by § 299 in the context of issuing the Scheduling Order.  Further, Personal Audio has not provided any information as to what discussions, if any, took place at the case management conference on this issue —particularly with respect to whether the defendants in that case objected to the entry of an order suggesting a joint trial.[1]

## CONCLUSION

For the foregoing reasons, and as set forth in the Pretrial Order and during the Pretrial Conference, the cases against the three remaining defendants should not be consolidated for trial on any issue.

---

[1] Personal Audio indicates that it believes that Judge Clark addressed this issue orally at the case management conference but that the transcript is sealed and not available.  If this Court were to obtain that transcript, as indicated at the Pretrial Conference, Defendants would appreciate the opportunity to examine and respond to it if this Court intended to rely on that transcript for any reason.

Dated:  August 21, 2014                    Respectfully submitted,

                                           */s/ Jennifer Parker Ainsworth*
                                           Jennifer Parker Ainsworth
                                           Texas State Bar No. 00784720
                                           jainsworth@wilsonlawfirm.com
                                           WILSON, ROBERTSON & CORNELIUS, PC
                                           One American Center
                                           909 ESE Loop 323, Suite 400
                                           Tyler, TX 75701
                                           (903) 509-5000 (telephone)
                                           (903) 509-5092 (facsimile)

                                           Steven Lieberman
                                           slieberman@rfem.com
                                           Brian Rosenbloom
                                           brosenbloom@rfem.com
                                           Sharon Davis
                                           sdavis@rfem.com
                                           Daniel R. McCallum
                                           dmccallum@rothwellfigg.com
                                           ROTHWELL, FIGG, ERNST & MANBECK, PC
                                           607 14th St., N.W., Ste. 800
                                           Washington, D.C.  20005
                                           (202) 783-6040 (telephone)
                                           (202) 783-6031 (facsimile)

                                           ***Attorneys for Defendants***
                                           ***CBS Corporation***
                                           ***NBCUniversal Media, LLC***
                                           ***Fox Broadcasting Company and***
                                           ***Fox Networks Group, Inc.***


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 21st day of August, 2014.

                                           */s/ Jennifer P. Ainsworth*
                                           Jennifer P. Ainsworth