**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

## ORDER REGARDING MOTIONS IN LIMINE

Before the Court are Defendants' Motions in Limine (Dkt. 247) and Plaintiff's Motions in Limine (Dkt. 248). The Court rules as follows.

**Defendants' Motions in Limine (Dkt. 247)**

1. Motion to Preclude Personal Audio from Referring to the Total Revenue, Sales, Size, or Financial Worth of the Defendants or Their Affiliates

    **Granted** as to the total revenue, net worth, and profits.

2. Motion to Preclude Personal Audio from Referring to CBS Corporation's and NBCUniversal Media, LLC's Motion to Transfer Papers, Evidence, and Orders and Defendants' Motion to Stay Proceedings Pending Inter Partes Review Papers and Order

    **Granted** as agreed as both parties.

3. Motion to Preclude Personal Audio from Offering a Doctrine of Equivalents Argument

    **Denied**.

4. Motion to Preclude Dr. Almeroth from Opining on His Legal Conclusions and Credibility Determinations

    **Granted** to the extent that Dr. Almeroth may not attempt to usurp the role of the jury, but any statement must be judged on its own content, thus requiring an objection at the time the testimony is proffered.

5. Motion to Preclude Evidence and References to the Verdict or Judgment in the Apple Litigation, the Settlement and License Agreements Offered By Personal Audio, and the Unrelated Personal Audio Patents

    **Granted**.

6.          Motion to Preclude Personal Audio Regarding Willful Infringement Beyond the Scope of Personal Audio's Expert Reports and Rule 30(b)(6) Deponent

           **Denied.** If an expert attempts to exceed the contents of their expert report at trial, the opposing party may lodge an objection at that time.

7.          Motion to Preclude Personal Audio from referring To Mr. Logan's Earlier Work with MicroTouch

           **Denied**. Plaintiff has been warned that providing background for Mr. Logan is acceptable, but they will not be permitted to focus extensively upon it.

8.          Motion to Preclude Personal Audio from Referring to or Offering Testimony or Evidence Regarding thePlatform Patents

           **Granted** as agreed to both parties.

**Personal Audio's Motions in Limine (Dkt. 248)**

1 & 2.      Precluding all testimony that the alleged prior art websites meet the various limitations of the claims

           **Denied**. Whether Defendants can meet their burden of proving invalidity by relying – at least in part – on testimony is a question of evidentiary sufficiency that does not lend itself to a motion in limine.

3.          Precluding Defendants from introducing, for the purpose of proving invalidity, any evidence created after the critical date from websites

           **Denied**.

4.          Precluding mention of other lawsuits filed by Personal Audio

           **Granted**.

5.          Precluding negative references to the United States Patent and Trademark Office

           **Granted** as agreed except as to general content covered in FJC juror instructional video.

6.          Precluding any reference to Personal Audio's other settlements or settlement offers

           Defendants may present general evidence as to Personal Audio's willingness to accept a certain licensing structure. The Motion is **granted** as to specific numbers regarding licenses unless leave is granted by the Court outside the presence of the jury if a party alleges the door has been opened to such evidence.

| | |
|---|---|
| 7. | References to compromised settlement agreements or dismissals of the lawsuit |
| | Deferred as entirely covered by other motions in limine. |
| 8. | Precluding arguments or testimony contrary to the Court's Claim Construction |
| | **Denied** as vague, overbroad, and unenforceable. |
| 9. | Precluding Defendants from making any derogatory reference to the Plaintiff |
| | **Granted** as agreed except for general description of Personal Audio's business. |
| 10. | Precluding references to the net worth of Personal Audio's members |
| | Deferred as entirely covered by other motions in limine. |
| 11 & 12. | Details of Personal Audio's legal representation. |
| | **Granted** as agreed. |
| 13 - 16. | General requests to prevent litigation by ambush |
| | **Denied** as vague, overbroad, and unenforceable. |
| 17. | Precluding reference of damages information not produced during discovery |
| | **Granted** as agreed. |
| 18. | Precluding any obviousness testimony from Defendants |
| | **Denied**. |
| 19. | Precluding Adam Carolla from testifying at trial |
| | **Denied** as moot. |
| 20. | Precluding any reference to *Inter Partes Review* |
| | **Granted** as agreed in view of Personal Audio dropping its willfulness claim. |
| 21. | Precluding any reference to Personal Audio's license with Apple for the purpose of arguing a licensing and/or exhaustion defense |
| | **Granted**. |
| 22. | Precluding Defendants use of information / evidence not produced in this case during the discovery period |
| | **Granted** as agreed. |

**SIGNED this 4th day of September, 2014.**

*(signature: Roy S. Payne)*
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE