**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP<br>Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment of Noninfringement (Dkt. 189, filed June 26, 2014, referred to herein as the "Motion").

Defendants request summary judgment of non-infringement as to all asserted claims because they allege that none of the Defendants have infringed according to the meaning of 335 U.S.C. § 271(a). (Mot. at 1.)

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a

verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

Defendants argue that they do not "use" the accused apparatuses, claiming that only the end-users "use" the accused apparatuses. (Mot. at 11-14.) This conflicts with not only the Court's, but also Defendants' own interpretation of claim 31, which they acknowledge is targeted toward a "server-side" apparatus. (*See, e.g.*, Mot. at 2; *see also* Dkt. 182 at 17.) Defendants follow this argument by stating "[h]ow does one 'use' an apparatus 'to: (a) receive a request from a requesting device' if there is no request from a device?" (Dkt. 225 at 8.) Surely, no party to this suit would argue that the systems in question do not receive requests from a client device as an absolute. The pertinent question is whether proving both sides of this equation is necessary to prove infringement – in other words, whether the client device's act of sending a request (that is eventually received) is an essential element of the claims. The claims require that an infringing system possess a "processor . . . for . . . employing one of said one or more communication interfaces to[] receive a request from a requesting client device." The claim at issue contains no requirement covering a client device's sending of a request, and thus, while a system may – in practice – need such a request to function effectively, direct proof of the client device sending the request is not required to show that a server-side apparatus infringes the claims.

Defendants also contend that they do not "make the accused apparatuses and are not vicariously liable if CDNs make the accused apparatuses." (Dkt. 225 at 2.) Defendants' final brief focuses on the latter point – that "Personal Audio misapprehends the requirements for vicarious liability for direct infringement." (*Id.* at 3.) But the briefing in this case illustrates that

there is a factual dispute as to this point, not a legal one. It is undisputed that there are contracts between the defendants and the CDNs, in addition to evidence suggesting other communications and close cooperation between those entities. In the end, Defendants may be correct that the contracts and relationship between themselves and the CDNs in question do not rise to the level of "direction and control," but Defendants have absolutely failed to show that there is no genuine dispute of material fact as to that question in this case.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment Regarding Non-Infringement (Dkt. 189) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 4th day of September, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE