**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC | § § § | |
| v. | § § | Case No. 2:13-CV-13-JRG-RSP
Lead Case |
| TOGI ENTERTAINMENT, INC. | § § | |

## ORDER

Before the Court is Defendants' Motion to Strike Potions of the Rebuttal Expert Reports of Dr. Kevin C. Almeroth and Mr. David Leathers That Relate to Secondary Considerations of Non-obviousness (Dkt. No. 188, filed June 26, 2014).

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an

expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

"Obviousness is a legal conclusion based on underlying factual findings, including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the pertinent art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence such as commercial success, long-felt but unsolved need, and the failure of others.'" *Ferring B.V. v. Watson Laboratories, Inc.-Florida*, 2014-1416, 2014 WL 4116461 *5 (Fed. Cir. Aug. 22, 2014).

Obviousness is a legal conclusion based on underlying facts. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). "The teachings of a prior art reference are underlying factual questions in the obviousness inquiry." *In re Kubin*, 561 F.3d, 1351, 1355 (Fed. Cir. 2009). A reason "for combining disparate prior art references is a critical component of an obviousness analysis, 'this analysis should be made explicit.'" *InTouch Technologies, Inc. v. VGO Comm., Inc.*, 751 F.3d 1327, 1351 (Fed. Cir. 2014) (quoting *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 396, 418 (2007)). Arguments need to provide "an articulated reasoning with some rational underpinning" to make the asserted combinations. *InTouch*, 751 F.3d at 1351.

## ANALYSIS

Defendants argue that Personal Audio's technical expert (Dr. Kevin Almeroth) and damages expert (David Leathers) "have included opinions in their rebuttal reports regarding secondary considerations of non-obviousness of claims 31-34 of [U.S. Patent No. 8,112,504 ("the '504 patent")]." and that "between the two experts' reports, the only discussion of a nexus between the claimed invention and any secondary considerations of non-obviousness is [a single] statement in Dr. Almeroth's rebuttal report." (Mot. at 1.)

Defendants then immediately concede that "Mr. Leathers (the damages expert) devoted an entire supplemental report—albeit a short one—to the issue of secondary indicia."[1] (Mot at 1.) Defendants argue that "the word 'nexus' does not even appear in Mr. Leathers' reports." Instead of containing the word "nexus," Defendants argue that Mr. Leathers' reports contain "opinions regarding the general increase in the viewing of streaming video over the Internet and the significance of making episodes "automatically," "immediately," "quickly," and "efficiently" available online—features that have no connection (that is, no nexus) with claims 31-34 of the '504 patent." (*Id.*) Defendants argue that these characterizations of the patent are improper:

---

[1] Mr. Leather's supplemental reports are in the record as Dkt. Nos. 188-5, 188-6, and 188-7.

"Mr. Leathers erroneously describes the claimed invention as requiring episodes to be updated automatically, immediately, quickly, and/or efficiently." (*Id.* at 3-4.) Of these characterizations, Defendants only provide specific argument for the "automatic" characterization. (*Id.* at 4-5.)

Defendants' first argument—that "the only discussion of any nexus between the secondary considerations of long-felt but unsolved needs, commercial success, and unexpected results is Dr. Almeroth's vague conclusory statement"—is true on a purely technical level: the word "nexus" does not generally appear Dr. Almeroth's report and does not appear in Mr. Leather's report. However, if one examines the actual substance of the reports, Defendants' argument that there is no discussion of a nexus fails. While the experts' reports may not use the word "nexus," the reports do contain opinions about the requisite relationship of the patent-in-suit to secondary considerations of nonobviousness.

Defendants' second argument—that the opinions provided by the experts as to secondary considerations do not meet Plaintiff's ultimate burden—are insufficiently supported. While the Court's claim construction did make clear that the claims do not require automation, the Court's construction did not foreclose all evidence related to automation and the claimed invention (e.g. evidence that the claimed invention facilitates automation). Mr. Leather's other opinions (e.g. that the invention has quick, efficient, or immediate aspects relating to claimed features) are contradicted only by Defendants' brief attorney argument. Accordingly, the Court does not find Defendants' arguments as to Dr. Almeroth's or Mr. Leather's opinions sufficient to strike those opinions.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Strike Potions of the Rebuttal Expert Reports of Dr. Kevin C. Almeroth and Mr. David Leathers That Relate to Secondary Considerations of Non-obviousness (Dkt. No. 188) is **DENIED**.

**SIGNED this 5th day of September, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE