**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>TOGI ENTERTAINMENT, INC. et al<br><br>   Defendants | 2:13cv-13-JRG-RSP Consolidated Action<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO PORTIONS OF THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT OF
<u>NONINFRINGEMENT PURSUANT TO 35 U.S.C. § 271(a)</u>**

On September 4, 2014, Magistrate Judge Payne issued a Report and Recommendation on Motion for Summary Judgment (Dkt. 292) ("Report and Recommendation"). Pursuant to Fed. R. Civ. P. 72 and L.R. 72(b), Defendants CBS Corporation, NBCUniversal Media, LLC, Fox Broadcasting Company, and Fox Networks Group, Inc. (collectively "Defendants") submit these objections to portions of the Report and Recommendation and respectfully request that the District Court sustain the objections and grant Defendant's Motion for Summary Judgment of Non-Infringement.

Federal R. Civ. P. 72 provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." In light of the briefing on Defendants' Motion for Summary Judgment of Non-Infringement Under 35 U.S.C. § 271(a) (Dkt. 189, 208, 225, 263), Defendants submit that the Report and Recommendation is both contrary to law and clearly erroneous for at least two reasons.

*First*, the Court erred in holding that Defendants "use" the accused systems because claim 31 of the patent-in-suit contains no requirement covering a client device's sending of a request. As described in Defendants' briefing, controlling Federal Circuit case law provides that the "user" of an apparatus is the entity who "put[s] the invention into service, i.e., control[s] the system as a whole and obtain[s] benefit from it." *Centillion Data Sys. v. Quest Commc'ns Int'l*, 631 F.3d 1279, 1284 (Fed. Cir. 2011). *Centillion* further provides that, to "put into service" and apparatus requires "using all portions of the claimed invention." *Id*. at 1284-86. Claim 31 of the patent-in-suit is directed to an apparatus including one or more communication interfaces that requires "employing one of said one or more communication interfaces to: (a) receive a request *from a requesting client device* for the updated version of said compilation file located at said

predetermined URL; (b) download said updated version of said compilation file *to said requesting client device*; and (c) thereafter receive and respond to a request form said *requesting client device* for one or more media files . . . ." (Dkt. 189, p. 10) (emphasis added). It is the end-users (e.g., "client device"), not the Defendants, who obtain benefit from and who put at least the "one or more communication interfaces" of the accused apparatus into operation for elements (a), (b), and (c) by virtue of their sending requests for the updated compilation file and media files. Thus, the findings in the Report and Recommendation that claim 31 of the patent-in-suit does not require a client device to send a request and that Defendants do not "use" the accused systems are clearly erroneous and contrary to law.

*Second*, the Court erred in finding that there is a factual dispute that Defendants' relationships between themselves and the Content Distribution Networks ("CDN") rise to the level of "direction and control." There is no factual dispute that Defendant's agreements with the CDNs are anything but arms-length because Plaintiff offered <u>no evidence</u> to the contrary. Thus, as a matter of law, Defendants' do not "make" the accused system because Defendants' arms-length agreements with the CDNs cannot rise to the level of "direction and control." *See, e.g. Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2009).

For at least these reasons, the Report and Recommendation is clearly erroneous and contrary to law, and Defendants' respectfully request that the Court grant their motion for summary judgment of non-infringement pursuant to § 271(a).

Dated:  September 14, 2014               Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000 (telephone)
(903) 509-5092 (facsimile)

Steven Lieberman
slieberman@rothwellfigg.com
Sharon L. Davis
sdavis@rothwellfigg.com
Brian S. Rosenbloom
brosenbloom@rothwellfigg.com
Daniel McCallum
dmccallum@rothwellfigg.com
Jennifer Maisel
jmaisel@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040 (telephone)
(202) 783-6031 (facsimile)

*Attorneys for Defendants*
*CBS Corporation, NBCUniversal Media, LLC,*
*Fox Broadcasting Company and Fox Networks*
*Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on September 14, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth